4 P.3d 1004

**The STATE of Arizona, Appellee,**

v.

**Sean Edward PRESTON, Appellant.**

**No. 2 CA–CR 98–0524.**

Court of Appeals of Arizona,
Division 2, Department A.

March 14, 2000.

involved a partial taking, was merely whether to value the property taken as a separate unit or as part of the whole.

Janet Napolitano, Arizona Attorney General, by Paul J. McMurdie, Joseph T. Maziarz, Linda Knowles, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender, by Frank P. Leto, Tucson, for appellant.

*OPINION*

FLÓREZ, Judge.

¶1 Appellant Sean Edward Preston was charged with four counts of sale of methamphetamine to an undercover Tucson police officer. A jury returned verdict forms on which they had written the word "guilty" in the blank space for each of the four counts. The trial court sentenced appellant to concurrent, three-year prison terms on three of the counts and a seven-year term of proba-

tion on the other. He appeals, raising several related challenges to the constitutionality of Arizona's entrapment statute, A.R.S. § 13–206.

¶2 At his trial, Preston raised the defense of entrapment, claiming that the undercover police officer originated the idea of the methamphetamine sales and induced him to sell methamphetamine to the officer. Section 13–206, enacted in 1997, provides in pertinent part as follows:

A. It is an affirmative defense to a criminal charge that the person was entrapped. To claim entrapment, the person must admit by the person's testimony or other evidence the substantial elements of the offense charged.

B. A person who asserts an entrapment defense has the burden of proving the following by clear and convincing evidence:

1. The idea of committing the offense started with law enforcement officers or their agents rather than with the person.

2. The law enforcement officers or their agents urged and induced the person to commit the offense.

. . . .

D. If a person raises an entrapment defense, the court shall instruct the jurors that the person has admitted the elements of the offense and that the only issue for their consideration is whether the person has proven the affirmative defense of entrapment by clear and convincing evidence.

## CONSTITUTIONALITY OF STATUTE

¶3 Preston argues that the statute is unconstitutional on its face and as applied. He asserts that § 13–206(B) violates due process under both the federal and state constitutions because it places too high a burden on the defendant by requiring the defendant to prove entrapment by clear and convincing evidence. He also contends § 13–206(D)'s limitation on jury instructions, and the trial court's instructions that were given accordingly, effectively eliminated his right to a jury trial, his right to be presumed innocent, and his right to have the state prove each

**464**

element of the offenses charged beyond a reasonable doubt.

■ ¶ 4 "The constitutionality of [this] statute is a matter of law that we review de novo. We begin with the presumption that the statute is constitutional. 'The party challenging the validity of a statute has the burden of overcoming that strong presumption.'" *City of Tucson v. Rineer,* 193 Ariz. 160, ¶ 12, 971 P.2d 207, ¶ 12 (1998), *quoting State v. Tocco,* 156 Ariz. 116, 119, 750 P.2d 874, 877 (1988). We have "a duty to construe a statute so that it will be constitutional if possible." *State v. McDonald,* 191 Ariz. 118, 120, 952 P.2d 1188, 1190 (1998). We may also find part of a statute unconstitutional if it is severable from constitutional portions; "[a]n entire statute need not be declared unconstitutional if constitutional portions can be separated." *Republic Inv. Fund I v. Town of Surprise,* 166 Ariz. 143, 151, 800 P.2d 1251, 1259 (1990); *see also State v. Prentiss,* 163 Ariz. 81, 786 P.2d 932 (1989).

> [W]here the valid parts of a statute are effective and enforceable standing alone and independent of those portions declared unconstitutional, the court will not disturb the valid law if the valid and invalid portions are not so intimately connected as to raise the presumption the legislature would not have enacted one without the other, and the invalid portion was not the inducement of the act.

*Selective Life Ins. Co. v. Equitable Life Assurance Soc'y,* 101 Ariz. 594, 599, 422 P.2d 710, 715 (1967).

■ ¶ 5 Prior to the enactment of this statute, Arizona's entrapment defense, like that in the federal system, was a judicial creation. *See United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *State v. Soule,* 168 Ariz. 134, 811 P.2d 1071 (1991); *State v. McKinney,* 108 Ariz. 436, 501 P.2d 378 (1972). The entrapment defense does not arise out of constitutional principles; it is based on the public policy notion that legislatures "could not have intended criminal punishment for a defendant

who has committed all the elements of a proscribed offense but was induced to commit them by the Government." *Russell,* 411 U.S. at 435, 93 S.Ct. at 1644, 36 L.Ed.2d at 375; *see also Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); *Soule.*

¶ 6 Before enactment of the statute, case law provided that if a defendant raised the defense of entrapment " 'the prosecution [had to] establish beyond a reasonable doubt that the accused was not entrapped into committing the offense.' " *McKinney,* 108 Ariz. at 440, 501 P.2d at 382, *quoting State v. Boccelli,* 105 Ariz. 495, 497, 467 P.2d 740, 742 (1970); *see also State v. Apodaca,* 166 Ariz. 274, 801 P.2d 1177 (1990). In contrast, § 13–206(B) now places the burden of proving entrapment on the defendant. Like the case law, the statute prohibits a defendant from pleading inconsistent defenses and requires that a defendant invoking the defense admit the substantial elements of the crime. § 13–206.

## A. Burden of Proof

■ ¶ 7 Relying on *Cooper v. Oklahoma,* 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), Preston first contends that § 13–206(B)'s requirement that he prove entrapment by clear and convincing evidence renders that section unconstitutional because the evidentiary standard is too onerous.[1] In *Cooper,* the Supreme Court found an Oklahoma procedural rule unconstitutional because it required the defendant to prove his incompetence to stand trial by clear and convincing evidence. The Court held that the rule violated the constitution because it allowed the state to try a defendant who was more likely than not incompetent. The Court stated, "The deep roots and fundamental character of the defendant's right not to stand trial when it is more likely than not that he [is incompetent to do so] mandate constitutional protection." *Id.* at 368, 116 S.Ct. at 1383, 134 L.Ed.2d at 514. In contrast, the affirmative defense of entrapment

---

1. Preston does not challenge the constitutionality of the statute's placing the burden of proof of entrapment on him or its requirement that he testify or present other evidence to establish the

substantial elements of the offense. *See, e.g., Eaglin v. Welborn,* 57 F.3d 496 (7th Cir.1995) (defendant must admit the elements of the crime to be entitled to raise entrapment defense).

"is not of a constitutional dimension." *Russell,* 411 U.S. at 433, 93 S.Ct. at 1643, 36 L.Ed.2d at 374; *see also Eaglin v. Welborn,* 57 F.3d 496 (7th Cir.1995). Consequently, *Cooper* does not support Preston's contention that the clear and convincing standard is an unconstitutionally onerous standard for proving entrapment.

¶ 8 Moreover, placing a burden of proof on a defendant that is greater than a preponderance of the evidence may be constitutional so long as "a State's method of allocating the burdens of proof does not lessen the State's burden to prove every element of the offense charged...." *Walton v. Arizona,* 497 U.S. 639, 650, 110 S.Ct. 3047, 3055, 111 L.Ed.2d 511, 526 (1990). For example, the Supreme Court has held that a defendant's due process rights are not violated when a state requires a defendant to prove the affirmative defense of insanity beyond a reasonable doubt, an even more onerous burden than clear and convincing. *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952). Indeed, our supreme court, relying on *Leland,* has held that a defendant's constitutional rights were not violated by requiring the defendant to prove the affirmative defense of insanity by clear and convincing evidence. *State v. Moorman,* 154 Ariz. 578, 744 P.2d 679 (1987). If the higher burden of beyond a reasonable doubt may constitutionally be required to establish the affirmative defense of insanity, we see no reason, nor does Preston give us one, why requiring him to prove his affirmative defense of entrapment by the lesser standard of clear and convincing evidence violates due process. Thus, we conclude that the burden of proof set forth in § 13–206(B) does not render it unconstitutional.

**B. Jury Instruction and § 13–206(D)**

■ ¶ 9 Preston next contends that § 13–206(D) and the trial court's application of it violated his rights to due process and to a jury trial at which he was presumed innocent and at which the state was required to prove every element of the offenses beyond a reasonable doubt.[2] He claims this violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and article II, §§ 4, 23, and 24 of the Arizona Constitution.[3] At oral argument, Preston equated § 13–206(D) and its limitation on the jury instructions with a directed verdict of guilty.

¶ 10 The record shows that before any witnesses had testified, the trial court gave preliminary jury instructions, including instructions explaining the presumption of innocence and the state's burden of proving Preston's guilt beyond a reasonable doubt. *See* Ariz.R.Crim.P. 18.6(c), 17 A.R.S. In the state's case-in-chief, two undercover police officers testified about Preston's drug sales to an officer. As he was required to do by the entrapment statute, Preston admitted the elements of the crime by testifying that he had sold methamphetamine to an undercover officer on each of the four dates alleged in the indictment. Near the close of evidence on the third day of trial, the state urged the trial court not to reinstruct the jury on the state's burden of proof because, as required by § 13–206(D), Preston had now "admitted the elements of the offense[; thus,] the only issue for [the jury's] consideration [was] whether the person has proven the affirmative defense of entrapment by clear and convincing evidence." The state asserted that

2. In state criminal trials, the Due Process Clause of the Fourteenth Amendment to the United States Constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). Without specifying whether it was also referring to the Due Process Clause, article II, § 4, of the Arizona Constitution, Division One of this court reiterated the above statement from *Winship* in *State v. Averyt,* 179 Ariz. 123, 876 P.2d 1158 (1994). Additionally, "[t]he presumption of innocence, although not

articulated in the [United States] Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126, 130 (1976).

3. Although appellant also contends that the statute is unconstitutional based on article II, § 24, of the Arizona Constitution (rights of accused in criminal prosecutions), he presents no argument related to these constitutional provisions; therefore, we do not consider the contention. Ariz. R.Crim.P. 31.13(c)(1)(vi), 17 A.R.S.

because of Preston's admission under the statute, "the state has no burden of proof," a position the state reasserted at oral argument on appeal. The trial court agreed and refused to give a *Portillo*[4] instruction on the state's burden of proof and an instruction on the presumption of innocence. The trial court gave the jury other final oral and written instructions. *See* Ariz.R.Crim.P. 19.1(a)(8), 17 A.R.S. (governing conduct of trial, order of proceedings, and court's final charge to the jury).

¶ 11 The principles that an accused is presumed innocent until proven guilty and that the state must establish the accused's guilt by proof of every element of the offense beyond a reasonable doubt are fundamental to our criminal justice system. *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *see also State v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995) (instruction erroneously defined beyond a reasonable doubt). Section 13–206(D) strips these rights from any defendant who asserts the affirmative defense of entrapment. The effect of subsection (D) is that a jury's determination of "guilt" is nothing more than its rejection of the defendant's entrapment defense; it is not a finding that the state has overcome the presumption that that defendant is innocent and has established the defendant's guilt beyond a reasonable doubt as to each and every element of the offense. A finding of guilt beyond a reasonable doubt on the elements of the offense charged is not the same as a determination that the defendant was not entrapped under § 13–206(D).

¶ 12 We agree with Preston that by instructing the jury in accordance with the statute, the trial court essentially entered a directed verdict of guilt, leaving for the jury to determine only whether he should be held responsible for his crime or absolved because he was entrapped. "[A]lthough a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the State, no matter how overwhelming the evidence." *Sullivan v. Louisiana*, 508 U.S. 275, 277, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182, 188 (1993). Every defendant, including one asserting the affirmative defenses of entrapment or self-defense or insanity, is entitled to a jury verdict based on the quality of the state's proof. *See Sullivan; see also Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987) (self-defense); *Leland* (insanity); *Eaglin* (entrapment). Here, no jury has found appellant guilty of the offenses charged as required by the Sixth Amendment; at most, the jury, following its instructions, found that Preston failed to establish his entrapment defense by clear and convincing evidence. Thus, even though Preston admitted every element of the offense, the presumption of innocence and the state's burden of proof in criminal cases nevertheless require the jury to determine whether the state has satisfied its burden.

¶ 13 Any dilution of these principles violates a defendant's constitutional rights. For example, in *Taylor*, the Supreme Court held that, even though the trial court had instructed the jury on the state's burden of proof beyond a reasonable doubt, the defendant's right to a fair trial under the Due Process Clause of the Fourteenth Amendment was violated by the court's refusal to give instructions on the presumption of innocence and that the indictment was not evidence against the defendant. And in *Sullivan*, the Supreme Court reasoned that, because of the relationship between the Fifth Amendment, which requires proof beyond a reasonable doubt, and the Sixth Amendment, which gives a defendant the right to a jury trial, the defendant's rights under both were violated by a jury instruction that a reasonable juror could have interpreted as permitting a finding of guilt based on less than a reasonable doubt. Our supreme court has made it clear that trial judges are required to instruct "juries on basic legal principles, including burden of proof and reasonable doubt, following the evidence and before the commencement of deliberations." *State v. Johnson*, 173 Ariz. 274, 276, 842 P.2d 1287, 1289 (1992); *see also State v. Romanosky*, 176 Ariz. 118, 859

4. *State v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995).

P.2d 741 (1993). This requirement is based on the constitutional nature of these protections. *State v. Marquez*, 135 Ariz. 316, 660 P.2d 1243 (1983). Section 13–206(D) requires trial judges to ignore our supreme court's clear directive and the constitutional bases for that directive. If the trial court's failure to give a presumption of innocence instruction was error in *Taylor*, and the trial court's failure to give a proper instruction on the state's burden of proof was error in *Sullivan*, the complete failure to give either instruction at the close of the evidence in this case, despite the language of § 13–206(D), necessarily violated Preston's constitutional rights to a fair jury trial and to due process under both the state and federal constitutions.

▇▇▇ ¶ 14 The five verdict forms, attached here as exhibits, returned by the jury in this case further demonstrate the constitutional infirmity of § 13–206(D). The forms state that the jury found Preston guilty on each of the four counts of the indictment without any reference to the entrapment defense.[5] But, given the trial court's explicit instruction that the only issue for the jury was whether Preston had established by clear and convincing evidence that he had been entrapped, we have no basis to conclude the jury found Preston "guilty" because the state overcame his presumption of innocence and proved Preston guilty beyond a reasonable doubt on each and every element of the charged offenses. And, because we presume the jurors followed the court's limiting instruction, *State v. Herrera*, 174 Ariz. 387, 850 P.2d 100 (1993), we further presume that the foreperson wrote in the word "guilty" to complete the sentence in the verdict form because the jurors had found that appellant had not established his entrapment defense, the only issue before them. As previously noted, that finding is not the equivalent of a finding that the state has rebutted the presumption of innocence and satisfied its burden of proof.

▇▇▇ ¶ 15 Relying on *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the state argues that the trial court's refusal to instruct on its burden of proof was harmless error. In *Neder*, however, the trial court had failed to instruct the jury on one of the elements of the offense; it had not failed to instruct the jury on the presumption of innocence and the state's burden to prove guilt beyond a reasonable doubt. The Court thus applied a harmless error analysis and distinguished *Sullivan*, in which the Court had found that a defective beyond-a-reasonable-doubt instruction was structural error and not subject to a harmless error analysis. The *Sullivan* Court explained that because

> there has been no jury verdict within the meaning of the Sixth Amendment, the entire premise of [harmless error] review [under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967),] is simply absent. There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the *same* verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is utterly meaningless. There is no *object*, so to speak, upon which harmless-error scrutiny can operate.

*Sullivan*, 508 U.S. at 280, 113 S.Ct. at 2082, 124 L.Ed.2d at 189–90. *See also Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Because we presume the jury followed the trial court's instruction under § 13–206(D), no jury has rendered a verdict on the charges against appellant; thus, the error is structural and can never be harmless.

▇▇▇ ¶ 16 At oral argument, the state contended that the legislature had simply carved out an exception to a defendant's constitutional rights to the presumption of innocence and to a jury verdict of guilty beyond a reasonable doubt by requiring an accused who asserts an entrapment defense to admit the elements of the offense, and thereby essentially admit guilt. It further argued that the trial court should not have to "go through the charade" of instructing a jury on those rights after the defendant admits the

---

5. The forms also asked the jury to find the amount of the methamphetamine, not an issue here, but instructive of the inconsistency between

the jury instruction under § 13–206(D) and the actual verdict forms provided.

elements of the charged offense. The state offered no authority, however, for the proposition that the legislature may circumvent an accused's fundamental rights simply because the defendant has admitted the essential elements of the offense.[6] The statute does not require a defendant to admit the ultimate question of guilt, as a defendant would do in entering a guilty plea, and does not provide the constitutional safeguards accorded to pleading defendants. *See, e.g.,* A.R.S. § 13–607(C)(6) and (7); Ariz.R.Crim.P. 17.2 and 17.3, 16A A.R.S.

> [I]t is normally "within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion," and its decision in this regard is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Speiser v. Randall,* 357 U.S. 513, 523, 78 S.Ct. 1332, 1341, 2 L.Ed.2d 1460 (1958); *Leland v. Oregon,* 343 U.S. 790, 798, 72 S.Ct. 1002, 1007, 96 L.Ed. 1302 (1952); *Snyder v. Massachusetts,* 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934).

*Patterson v. New York,* 432 U.S. 197, 201–02, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281, 286–87 (1977). Thus, the legislature may not enact an entrapment statute that restricts the issues a jury must determine in such a way as to deprive a defendant of his fundamental guarantees under the state and federal constitutions. *See Whitney v. Bolin,* 85 Ariz. 44, 330 P.2d 1003 (1958); *State ex rel. Romley v. Superior Court,* 172 Ariz. 232, 836 P.2d 445 (1992) (Victims' Rights Act protections must yield to defendant's right to due process and effective cross-examination of witnesses).

¶ 17 Preston's constitutional right to the presumption of innocence and to a jury trial at which the jury was required to determine whether he is guilty beyond a reasonable doubt were violated. Those rights were utterly eviscerated by § 13–206(D). We hold that § 13–206(D) is unconstitutional. If we

sever subsection (D) from the statute, however, subsections (A) through (C) still provide a complete scheme for asserting the entrapment defense without unconstitutionally limiting the issues the jury may consider or depriving a defendant of any constitutional protections. *See Republic Inv. Fund I.* Subsection 13–206(D) is not so "intimately connected [with the valid portions of the statute] as to raise the presumption the legislature would not have enacted one without the other." *Selective Life Ins. Co.,* 101 Ariz. at 599, 422 P.2d at 715. Thus, we need not declare the entire statute unconstitutional.

¶ 18 We are mindful of the confusion that could result when a defendant takes the stand and admits the essential elements of an offense, yet the jury is instructed that the defendant is presumed innocent and that the state bears the burden of proof beyond a reasonable doubt on all elements of the offense. *See Soule.* This is not a reason, however, to deny a defendant these fundamental, constitutional rights. We are confident that through effective advocacy in entrapment cases it can be explained to the jury that the defendant's admissions to the elements of the offense are but another method whereby the state's burden of proof may be satisfied, minimizing any confusion that may arise from giving the required jury instructions on presumption of innocence and burden of proof.

## ALLOCATION OF ARGUMENT

¶ 19 Preston also contends that because he had the burden of proving his entrapment defense, he should have been allowed to make opening and rebuttal arguments after the close of the evidence, which the prosecution is afforded pursuant to Rule 19.1, Ariz.R.Crim.P., 17 A.R.S. Preston never asked the trial court to allow a different sequence of arguments, nor did he object when the state began its opening argument at the close of the evidence. Except for fundamental error, a party may not raise an issue for the first time on appeal. *State v. Georgeoff,* 163 Ariz. 434, 788 P.2d 1185

---

6. At oral argument, the state also informed this court that § 13–206(D) is not patterned after any model legislation and that no other state has such a provision. Our research has confirmed this.

(1990). Preston has not cited any authority for the proposition that the sequence of arguments at trial deprived him of a right essential to his defense. *State v. King,* 158 Ariz. 419, 763 P.2d 239 (1988). Thus, because Preston has not raised an issue involving fundamental error, we need not consider it.

## CONCLUSION

¶ 20 Section 13–206(B), which requires a defendant to establish an entrapment defense by clear and convincing evidence, is constitutional. But § 13–206(D), which the trial court followed here, is unconstitutional because it violates a defendant's right to the presumption of innocence and a jury finding of guilt beyond a reasonable doubt as required by both the United States and Arizona Constitutions. Because of this structural error, we reverse Preston's convictions and sentences and remand for a new trial.

CONCURRING: PELANDER, P.J., and DRUKE, J.

470

FILED IN COURT
*September 17, 19 98*

ARIZONA SUPERIOR COURT, PIMA COUNTY CORBETT, Clerk

*Carlos Quiles*

STATE OF ARIZONA CR-60212 Deputy

VS **VERDICT** *3:10 p.m*

SEAN EDWARD PRESTON

 **Defendant**

---

We, the Jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant, SEAN EDWARD PRESTON, *Guilty* of UNLAWFUL SALE OF A DANGEROUS DRUG, on or about the 23rd day of September, 1997, as charged in Count Two of the Indictment.

We, the jury, do further find the weight of the methamphetamine, at the time of sale, to be:

 __✓__ Over 9 grams

 _____ 9 grams or Less

*Gloria MacDonald*
 Foreperson

149

M-0

FILED IN COURT
September 17 1998
JAMES A. CORBETT, Clerk
Carlene Qvbs
Deputy

ARIZONA SUPERIOR COURT, PIMA COUNTY

STATE OF ARIZONA

VS

SEAN EDWARD PRESTON

Defendant

CR-60212

VERDICT 3:10 p.m.

---

We, the Jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant, SEAN EDWARD PRESTON, _Guilty_ of UNLAWFUL SALE OF A DANGEROUS DRUG, on or about the 7th day of October, 1997, as charged in Count Three of the Indictment.

Gloria Mae Donald
_____
Foreperson

150

472

FILED IN COURT
~~September~~ 13 1998
JAMES N. CORBETT, Clerk
Carlos Quiles
Deputy

ARIZONA SUPERIOR COURT, PIMA COUNTY

STATE OF ARIZONA CR-60212

 VS **VERDICT** 3:10 p.m.

SEAN EDWARD PRESTON

 Defendant

---

We, the Jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant, SEAN EDWARD PRESTON, _Guilty_ of UNLAWFUL SALE OF A DANGEROUS DRUG, on or about the 13th day of October, 1997, as charged in Count Four of the Indictment.

 

 Foreperson

 **151**

FILED IN COURT

September 17, 1998

JAMES N. CORBETT, Clerk.

Carlene One

Dep.

ARIZONA SUPERIOR COURT, PIMA COUNTY

STATE OF ARIZONA

CR-60212

VS

**VERDICT**

3:10 p.m.

SEAN EDWARD PRESTON

Defendant

---

We, the Jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the aggregate weight of the methamphetamine on the Counts of which the Defendant is guilty to be:

___✓___ Over 9 grams

_____ 9 grams or Less

Gloria MacDonald

Foreperson

152 M-0

(xy)

474

FILED IN COURT

_September 17,_ 19 _95_

JAMES N. CORBETT, Clerk

_Carlene Quiles_

Deputy

ARIZONA SUPERIOR COURT, PIMA COUNTY

STATE OF ARIZONA CR-60212

VS VERDICT 3:10 p.m

SEAN EDWARD PRESTON

Defendant

---

We, the Jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant, SEAN EDWARD PRESTON, _Guilty_ , of UNLAWFUL SALE OF A DANGEROUS DRUG, on or about the 10th day of September, 1997, as charged in Count One of the Indictment.

We, the jury, do further find the weight of the methamphetamine, at the time of the sale, to be:

_✓_ Over 9 grams

_____ 9 grams or Less

_Gloria Mac Donald_
Foreperson

153