IN THE SUPREME COURT OF THE STATE OF ARIZONA

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-01-0223-PR |
| Appellee, | ) | |
| | ) | Court of Appeals, Division One |
| v. | ) | No. 1 CA-CR 00-0476 |
| | ) | |
| FLETCHER CASEY, | ) | Maricopa County Superior Court |
| | ) | No. CR 00-000653 |
| Appellant. | ) | |
| | ) | **O P I N I O N** |

Appeal from the Superior Court in Maricopa County
The Honorable Bernard J. Dougherty, Judge
AFFIRMED

Memorandum Decision of the Court of Appeals, Division One
Filed April 12, 2001
AFFIRMED

Janet A. Napolitano, Attorney General                                      Phoenix
        By:     Randall M. Howe, Chief Counsel
                Criminal Appeals Section
        and     Doriane F. Zwillinger, Assistant Attorney General
                Robert A. Walsh, Assistant Attorney General
Attorneys for State of Arizona

D. Jesse Smith                                                            Tucson
Attorney for Fletcher Casey

Fletcher Casey                                                            Yuma
Pro Se

HOWARD, Judge

¶ 1 Fletcher Casey was charged with aggravated assault and claimed he had acted in self-defense. Over objection, the trial judge instructed the jury that the state must prove the elements of the offense beyond a reasonable doubt but that Casey must prove self-defense by a preponderance of the evidence. Casey was convicted and appealed on due process grounds. The court of appeals affirmed the conviction and approved the jury instruction. *State v. Casey*, No. 1 CA-CR 00-0476, mem. dec. at ¶4 (Ct. App. April 12, 2001). We granted review to examine the validity of that burden-shifting instruction. We have jurisdiction pursuant to article VI, § 5(3) of the Arizona Constitution.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 According to the evidence at trial, Casey and his pregnant girlfriend rented living space from Hurst. On an afternoon in January 2000, Casey returned home from looking for work and found his girlfriend in the living room with Hurst and Hurst's friend Jimmerson, the eventual victim of the shooting. Casey believed the others had been smoking crack and was concerned for both his girlfriend's health and her safety, as he suspected Jimmerson was attempting to get her high in order to assault or seduce her.

¶ 3 Casey and Jimmerson began to argue and then to fight. Jimmerson had placed his gun on a table, and Casey testified that when Jimmerson reached for the gun, he and Jimmerson had struggled over it. The gun discharged several times, fired at least twice by Casey. Jimmerson was hit twice, once below the rib cage and once below the buttocks. The police were dispatched in response to a call about a shooting and found Jimmerson, obviously wounded, walking out of the house. A man later identified as Casey ran through the back yard and climbed over a fence.

¶ 4 Casey was apprehended and charged with aggravated assault. By the time of Casey's trial, Jimmerson could not be located and therefore did not testify. The trial judge allowed a police officer who responded to the scene to testify under the excited utterance exception to the hearsay rule

that Jimmerson said he had been shot by Casey. Casey testified about the struggle over the gun. The judge instructed the jury as follows:

> The defendant must prove the defense of self-defense by a preponderance of the evidence.
>
> Preponderance means that the defense of self-defense is more probably true than not. In determining whether the defendant has met this burden, consider all the evidence, whether produced by the State or the defendant.
>
> However, the burden of proof with regard to the elements of the charged offense is with the State. The burden of proof never shifts during the trial. That burden of proof is proof beyond a reasonable doubt, as defined earlier in these instructions.

Mem. dec. at ¶2. The instruction was based on A.R.S. § 13-205(A) (1997), which provides:

> Except as otherwise provided by law, a defendant shall prove any affirmative defense raised by a preponderance of the evidence, including any justification defense [including self-defense].

*See* A.R.S. §§ 13-401 through 13-417.

**¶ 5** Casey was convicted and appealed. In affirming his conviction, the court of appeals relied on *State v. Farley*, 199 Ariz. 542, ¶¶1-2, 19 P.3d 1258, ¶¶1-2 (App. 2001), in which it had held that the justification instruction does not violate due process. *See also State v. Sierra-Cervantes*, 201 Ariz. 459, ¶¶ 11-13, 37 P.3d 432, ¶¶ 11-13 (App. 2001).

## ISSUE AND STANDARD OF REVIEW

**¶ 6** The issue we accepted for review was framed as follows:

> Does A.R.S. § 13-205 offend due process in shifting the burden of proof by requiring a defendant to prove self-defense? Framed another way, is lack of justification a matter that must be proved by the state beyond a reasonable doubt once a defendant has properly pled, and the evidence raises the issue of, self-defense?

3

¶ 7        Casey argues that once the evidence raises a question of self-defense, our case law treats lack of justification as, essentially, an element of the offense that due process requires the state to prove beyond a reasonable doubt. Casey relies for this proposition on *State v. Hunter*, 142 Ariz. 88, 688 P.2d 980 (1984), and a number of other Arizona cases. The state argues, on the other hand, that self-defense is simply an affirmative defense and that the legislature may require a defendant to assume the burden of proving its existence. For this proposition, the state relies on the United States Supreme Court's decision in *Martin v. Ohio*, 480 U.S. 228, 107 S. Ct. 1098, 94 L. Ed. 2d 267 (1987).

¶ 8        This court analyzes a statute's constitutionality *de novo* as a matter of law. *See Arizona Dep't of Pub. Safety v. Superior Court*, 190 Ariz. 490, 494, 949 P.2d 983, 987 (App. 1997). We have a duty to construe statutes in harmony with the constitution when it is reasonably possible to do so. *See Aitken v. Industrial Comm'n*, 183 Ariz. 387, 389, 904 P.2d 456, 458 (1995). Normally we interpret clauses in the Arizona Constitution in conformity with decisions of the United States Supreme Court and its interpretation of similar clauses in the United States Constitution. *See Pool v. Superior Court*, 139 Ariz. 98, 108, 677 P.2d 261, 271 (1984). However, "interpretation of the state constitution is, of course, our province." *Id*.

## CURRENT STATUTE

¶ 9        In 1997, the legislature enacted section 13-205(A), which states:  "[A] defendant shall prove any affirmative defense raised by a preponderance of the evidence, including any justification defense under chapter 4 of this title." *See* 1997 Ariz. Sess. Laws, ch. 136, § 4. Self-defense is a "justification defense under Chapter 4." *See* §§ 13-401 through 13-417. Thus, the legislature has made clear its intention that a defendant bears the burden of proving the defense of self-defense by a preponderance of the evidence.

¶ 10        "'Power resides with the legislature to define that conduct which will not be tolerated in an ordered society . . . .'" *State v. Musser*, 194 Ariz. 31, ¶9, 977 P.2d 131, ¶9 (1999), *quoting*

4

*State v. Bly*, 127 Ariz. 370, 371, 621 P.2d 279, 280 (1980); *see State v. Viramontes*, 240 Ariz. 360, ¶12, 64 P.3d 188, ¶12 (2003) ("It is not our place to pass on the wisdom of" legislative decisions concerning criminal procedure.); *State v. Jackson*, 186 Ariz. 490, 491, 924 P.2d 494, 495 (App. 1996) ("The authority to define crimes and fix the penalties for such crimes rests with the legislature, not the judiciary."). This power also extends, at least within constitutional bounds, to defenses. *See, e.g.*, *State v. Mott*, 187 Ariz. 536, 540-41, 931 P.2d 1046, 1050-51 (1997) (legislature decides whether "to adopt the defense of diminished capacity" and the "Court does not have the authority" to do so), *citing State v. Schantz*, 98 Ariz. 200, 212-13, 403 P.2d 521, 529 (1965); Paul H. Robinson, *Criminal Law Defenses* § 24(a), at 86 (1984) ("Legislatures refine basic [justification] principle[s] to provide in each case a suitable justification defense . . . ."). Section 13-103(A), A.R.S., states: "All common law offenses and affirmative defenses are abolished. No conduct or omission constitutes an offense or an affirmative defense unless it is an offense or an affirmative defense under this title or under another statute or ordinance." Because the legislature has determined that self-defense is not an element of the crime but is to be proven by the defendant, this court must respect the legislature's decision, unless that decision is unconstitutional under either the federal or state due process clause.

**CONSTITUTIONALITY ANALYSIS**

¶ 11        "Statutes are presumed constitutional and the burden of proof is on the opponent of the statute to show it infringes upon a constitutional guarantee or violates a constitutional principle." *State v. Wagstaff*, 164 Ariz. 485, 494, 794 P.2d 118, 127 (1990). The federal and state due process clauses contain nearly identical language and protect the same interests. *See* U.S. Const. amend. XIV, § 1; Ariz. Const. art. II, § 4; *see also State v. Melendez*, 172 Ariz. 68, 71, 834 P.2d 154, 157 (1992) ("The touchstone of due process under both the Arizona and federal constitutions is fundamental fairness."). Although this court is not bound by the Supreme Court's interpretation of a federal constitutional clause, those interpretations have "great weight" in accomplishing the desired

5

uniformity between the clauses. *Pool*, 139 Ariz. at 108, 677 P.2d at 271; *see State v. Noble*, 171 Ariz. 171, 173, 829 P.2d 1217, 1219 (1992) (identical federal and state constitutional clauses interpreted similarly).

¶ 12        In *Martin*, the Supreme Court held that an Ohio statute requiring a defendant to prove self-defense did not violate the federal due process mandate, as declared in *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368, 375 (1970), that a defendant may not be convicted "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." The dissent in *Martin* pointed out that the requirement that the state prove premeditation, defined as calculated intent, could conflict with the self-defense requirement that the danger be sudden. Nevertheless, the majority upheld the statute, stating that the jury could be properly instructed. Accordingly, section 13-205 does not violate the federal due process clause.

¶ 13        Under the due process clause of Arizona's constitution, fundamental fairness is still the touchstone. *Melendez*, 172 Ariz. at 71, 834 P.2d at 157. Requiring the defendant to prove self-defense or other affirmative defenses is not fundamentally unfair. *See Martin*, 480 U.S. at 236, 107 S. Ct. at 1103, 94 L. Ed. 2d 267. We see no compelling reason to interpret the state due process clause differently in this context from the federal clause. *See Noble*, 171 Ariz. at 173, 829 P.2d at 1219; *Pool*, 139 Ariz. at 108, 677 P.2d at 271. Moreover, the conflict between the premeditation element of murder and the components of self-defense that troubled the dissenters in *Martin* does not exist with respect to the offense of aggravated assault. As relevant here, a defendant commits aggravated assault by committing assault and causing serious physical injury to another or committing assault using a deadly weapon or dangerous instrument. A.R.S. § 13-1204(A). The state therefore was required to prove beyond a reasonable doubt that Casey had intentionally, knowingly, or recklessly shot the victim. A.R.S. §§ 13-1203, 13-1204. Casey was then required to prove by a preponderance of the evidence that the reason he shot the victim was to prevent the victim from

6

causing serious physical injury to him or his pregnant girlfriend. *See* A.R.S. §§ 13-205, 13-404, 13-405, 13-406. Casey was not required to disprove any element of the offense and the potential conflict found in murder cases does not exist here.

¶ 14 Furthermore, our courts have found that the legislature did not violate defendants' due process rights by placing the burden of proving other affirmative defenses, such as entrapment under A.R.S. section 13-206 and insanity under A.R.S. section 13-502, on the defendant. *See State v. Moorman*, 154 Ariz. 578, 586, 744 P.2d 679, 687 (1987) (defendant may be required to prove insanity defense); *State v. Preston*, 197 Ariz. 461, 4 P.3d 1004 (App. 2000) (defendant may be required to prove entrapment defense under clear and convincing standard). A self-defense claim also justifies conduct which would otherwise be criminal, and it is appropriate to treat similar defenses in the same fashion from a constitutional standpoint.

¶ 15 Therefore, based on the legislature's constitutional authority to define crimes and defenses, the meaning of the federal due process clause and the desired uniformity with it, and the legislature's treatment of other defenses, which we have held constitutional, we hold section 13-205 does not violate the due process clause of Arizona's constitution.

## PRIOR ARIZONA CASES

¶ 16 Casey argues, however, that prior Arizona cases on self-defense compel a different result. But the cases on which Casey relies are based on statutory interpretation rather than the Arizona's due process clause.

### A. Statutory context of the cases

¶ 17 Even in territorial days, the state's burden of showing proof beyond a reasonable doubt was set forth in statute. *See* Pen. Code 1901, § 923. The codification of that requirement has

7

survived to date and is now found in A.R.S. § 13-115. *See* 1977 Ariz. Sess. Laws, ch. 142, § 40; Code 1939, § 44-1810; Rev. Code 1928, § 5044; Laws 1919, ch. 146, § 4; Pen. Code 1913, § 1036; Pen. Code 1901, § 923. Similarly, various statues have set forth defenses to the crimes of assault and murder. *See* Pen. Code 1901, § 933 (defense in murder case); Pen. Code 1913, § 1046; Rev. Code 1928, § 5050; Code 1939, § 44-1814; A.R.S. § 13-454; 1973 Ariz. Sess. Laws, ch. 138, § 4; *see also* Pen. Code 1901, §§ 181-82 (justifiable homicide); Pen. Code 1913, §§ 180-81; Rev. Code 1928, § 4590; Code 1939, § 43-2908; A.R.S. § 13-462; 1977 Ariz. Sess. Laws, ch. 142, § 15; *see also* Pen. Code 1901, §§ 213-14 (defenses to assault); Pen. Code 1913, §§ 213-14; Rev. Code 1928, § 4612; Code 1939, § 43-602; A.R.S. § 13-246; 1977 Ariz. Sess. Laws, ch. 142, § 4.

¶ 18         When the Arizona Constitution was adopted in 1910, the framers granted the accused many rights. *See, e.g.*, Ariz. Const. art. II, §§ 10, 14, 15, 24, 25. The framers specifically included the right to due process, *id*. at § 4, but did not specifically include the concept of proof beyond a reasonable doubt or specify a defendant's burden regarding a justification defense. Rather, the framers left undisturbed the definitions of burdens of proof in the existing Penal Code.[1] The cases upon which Casey relies, accordingly, have focused on statutes defining the burden as opposed to constitutional provisions.

**B. *Anderson* and *Hunter* analysis**

¶ 19         Casey relies on *Anderson v. Territory*, 9 Ariz. 50, 76 P. 636 (1904), a murder case, as authority for the proposition that due process requires the state to disprove self-defense beyond a reasonable doubt. But *Anderson* predates the Arizona Constitution and interpreted now repealed provisions of Arizona's Penal Code that allocated the burden of proof. In that case, the jury was

---

[1] *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), has now engrafted the requirement of proof beyond a reasonable doubt onto the federal due process clause.

instructed, in accordance with Penal Code 1901, § 933, that if the act was unlawful, the law presumed the criminal intent and the defendant was required to prove a justification defense. The court was troubled by the potential for conflict between the element of "malice" and the defendant's claim that he had acted in self-defense, just as the dissenters in *Martin* were. *See Anderson*, 9 Ariz. at 56, 76 P. at 638 ("Malice is as much an essential element in the crime of homicide as is the killing."). But the court in *Anderson* did not decide the case on constitutional grounds and specifically limited its holding to one of statutory construction, stating: "It seems . . . more reasonable to hold that the statute means . . . ." 9 Ariz. at 55, 76 P. at 638. *See also Rosser v. State*, 45 Ariz. 264, 267, 42 P.2d 613, 614 (1935) (instruction reflecting § 933 did not "improperly place[] the burden upon defendant to prove self-defense"). Accordingly, *Anderson* held that the statute, rather than the due process clause of Arizona's Constitution, required the state disprove self-defense beyond a reasonable doubt.

¶ 20        Casey also relies on *State v. Hunter*, 142 Ariz. 88, 688 P.2d 980 (1984), another murder case. The court there found that the trial court had committed fundamental error by instructing the jury: "If you decide the defendant's conduct was justified, you must find the defendant not guilty." *Id*. at 89-90, 688 P.2d at 981-82. Despite the fact that *Winship* had been decided fourteen years earlier, *Hunter* did not mention it or its constitutional underpinnings. As this court later commented:

> *Hunter* does not mention any constitutional provision and is remarkable for its silence on the question of whether the fundamental error had its origins in the constitution. . . . However, *Hunter* does not involve the state's due process obligation to prove the elements of the crime but, rather, the burden-shifting of the state's obligation to prove the absence of justification for defendant's actions.

*State v. Slemmer*, 170 Ariz. 174 n.8, 823 P.2d 41 n.8 (1991).

¶ 21        *Hunter* relied on two authorities for the proposition that the state must prove every element of the crime, including disproving self-defense, beyond a reasonable doubt. One authority was section 13-115(A), the statute which establishes the requirement for proof beyond a reasonable doubt. Invoking the statute does not implicate the due process clause.

¶ 22        The second authority was *Everett v. State*, 88 Ariz. 293, 356 P.2d 394 (1960). *Everett* was an assault case interpreting a then existing assault statute mentioned previously, section 13-246, which stated, in relevant part: "Violence used to the person does not amount to assault or battery in . . . self-defense, or defense of another against unlawful violence to his person or property." *Everett*, 88 Ariz. at 296, 356 P.2d at 396. Accordingly, the *Everett* court concluded, as a matter of statutory construction, that the statute made lack of self-defense an element of the crime. Again, in this decision the court did not invoke the due process clause to justify its result.

¶ 23        Finally, the current assault statutes are completely different from those considered in *Everett* and do not make lack of self-defense an element of the crime. *See, e.g.*,§ 13-1204. In fact, section 13-205 specifically states that self-defense is an affirmative defense. Therefore, even if *Everett* had established that lack of self-defense was an element of the crime under the former statute, it has no application to the current statute. Accordingly, neither the holding nor the rationale of *Hunter* compels a finding that section 13-205 is unconstitutional.

¶ 24        Our decision in *State v. Cannon*, 157 Ariz. 107, 755 P.2d 412 (1988), further supports our conclusion. In *Cannon*, although we refused to overturn *Hunter* based on *Martin* as the state had urged, again we did not indicate that the requirement that self-defense be disproved by the state beyond a reasonable doubt was constitutionally based. In discussing the state's argument that, by removing the word "unlawful" from the definition of assault and murder in revisions to the new

criminal code, the legislature had intended to relieve the state of its burden to disprove self-defense, we stated:

> This argument, while clever, is unconvincing. First, the legislature gave no express indication of such an intent, nor, if the burden was to be shifted to the defendant, what the burden was to be. When it does so intend, as in the case of the insanity defense, . . . it has made its intent and the nature of the burden clear. Second, the method by which the state seeks to infer an intent depends upon a body of constitutional law that did not exist at the time the criminal code was being drafted by a special commission or first passed by the legislature. Third, when a change is to be made of a principle of law that has existed since territorial days, we require that legislative intent be clear and not inferred from a labored analysis as likely to mask legislative intent as to explicate it. Finally, the fact that the purported legislative intent was not discovered by the state for over ten years is a fair indication it never existed.

*Cannon*, 157 Ariz. at 108, 755 P.2d at 413 (citation omitted). If the requirement that the state disprove self-defense were constitutionally based, legislative intent would have been immaterial. And the legislature has now given an "express indication" of its intent and has specified the burden. Further, the legislature has acted pursuant to "a body of constitutional law" allowing the change. Finally, the legislature's intent was "discovered" as soon as section 13-205 was enacted. The legislature has therefore fulfilled the requirements set forth in *Cannon*.

## PRESENT ARIZONA AFFIRMATIVE DEFENSE STATUTES

¶ 25       Casey further relies on the following language of another statute, A.R.S. § 13-403, to support his position that lack of self-defense should be treated as an element of the crime: "The use of physical force upon another person which would otherwise constitute an offense is justifiable *and not criminal* under any of the following circumstances." (Emphasis added.) Subsections one through five then list various circumstances under which certain persons may come within the statute's protection, including: a person in loco parentis, a jailer, a person in charge of a common

11

motor carrier, and a physician. *Id*. These individuals all have a duty to maintain order in various circumstances. Even if the legislature, in essence, decriminalized actions taken to fulfill their duty, as Casey claims,[2] Casey does not fall within any of the subsections.

¶ 26    Subsection six, on which Casey relies, is not another in the list of circumstances which the legislature has selected for special treatment. It is a separate sentence that states: "A person may *otherwise* use physical force upon another person as further provided in this chapter." *Id*. (6) (emphasis added). The language in the introductory portion of the statute can apply only to the "circumstances" contained in subsections one through five. Subsection six does not indicate that the legislature intended to decriminalize actions allegedly taken in self-defense in the myriad of other situations in which such a claim may arise.

¶ 27    Additionally, Casey's reading of subsection six renders a portion of section 13-205 meaningless. *See State v. Pitts*, 178 Ariz. 405, 407, 874 P.2d 962, 964 (1994) (we avoid interpretation of statute that renders it meaningless). Section 13-205 requires that the defendant prove by a preponderance of the evidence, among other things, any justification defense in chapter four. Subsection six, on the other hand, according to Casey, makes the lack of the defenses in chapter four a quasi-element that the state is required to prove beyond a reasonable doubt, rendering that portion of section 13-205 meaningless. On the other hand, applying the introductory paragraph only to the five listed circumstances avoids this direct and irreconcilable conflict. Accordingly, we reject as a matter of statutory interpretation Casey's attempt to, in effect, combine section 13-404, which defines self-defense, with the introductory language in section 13-403.

_____

[2]We are not required today to determine the legislative intent in A.R.S. § 13-403(1) through (5), or the ramifications of that intent. We therefore leave that decision to another day.

¶ 28 Finally, the actual statutes defining self-defense do not mention that the conduct permitted is "not criminal." Section 13-404(A) states, in pertinent part, that "a person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." This section simply says the action is "justified" and makes self-defense a justification defense. *See* §§ 13-205, 13-401. It does not decriminalize the action, as section 13-403 may do with respect to those special circumstances described in subsections one through five. And section 13-401(B) states, in part, that "justification, as defined in [Chapter 4], is a defense in any prosecution for an offense pursuant to this title." Taking the statutes as a whole and giving them a common sense reading, lack of self-defense is not an element of the crime of assault but an affirmative defense under section 13-205 that the defendant must prove by a preponderance of the evidence.

¶ 29 Casey therefore has failed to show that either past Arizona cases or the current statutes mandate our declaring section 13-205 unconstitutional. Under section 13-205, self-defense remains a viable defense, like insanity and entrapment, despite the fact that the burden of proof is on the defendant. Because the state proved beyond a reasonable doubt that Casey committed each element of the crime of aggravated assault, the purposes of the constitutional requirement of proof beyond a reasonable doubt have been satisfied. As we stated, in approving the shifting of the burden on insanity:

> As was stated in *Patterson v. New York*, 432 U.S. 197, [209,] 97 S. Ct. 2319, [2326,] 53 L. Ed. 2d 281, [291] (1977), "[i]f the State . . . chooses to recognize a factor that mitigates the degree of criminality or punishment, . . . the State may assure itself that the fact has been established with reasonable certainty. To recognize . . . a mitigating circumstance does not require the State to prove its nonexistence in

13

> each case . . . if in [the State's] judgment [it] would be too cumbersome, too expensive, and too inaccurate."

*State v. Fletcher*, 149 Ariz. 187, 192, 717 P.2d 866, 871 (1986) (alterations in *Fletcher*).

**¶ 30**        We hold that the legislature has the constitutional authority to shift the burden of proof for self-defense to the defendant and therefore uphold section 13-205.[3] The decisions of the trial court and of the court of appeals are affirmed.

_____
Joseph W. Howard, Judge*

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Ruth V. Mcgregor, Vice Chief Justice

_____
William J. O'Neil, Judge*

*Justices Rebecca White Berch and Michael D. Ryan did not participate in the determination of this matter; pursuant to article VI, section 3, of the Arizona Constitution, the Honorable Joseph W. Howard, Judge of the Arizona Court of Appeals, Division Two, and the Honorable William J. O'Neil, Presiding Judge of the Superior Court in Pinal County, were designated to sit on this case. Justice Stanley G. Feldman recused himself from further consideration of this case after his retirement.

_____

[3]We do not need to resolve today whether an impermissible conflict exists in certain first-degree murder cases between the requirement that the state prove the premeditation element beyond a reasonable doubt and the burden-shifting effect of A.R.S. § 13-205, or whether additional instructions would be required or sufficient to resolve any conflict.