736 P.2d 1192

**Clayton K. MILLER, III, Plaintiff/Appellee,**

v.

**CITY OF TUCSON, and Richard Hornback, in his capacity as administrative hearing officer for the City of Tucson, Defendants/Appellants.**

**No. 2 CA–CV 5922.**

Court of Appeals of Arizona, Division 2, Department A.

March 31, 1987.

SALESE & McCARTHY, P.C. by Kathleen McCarthy, Tucson, for plaintiff/appellee.

Frederick S. Dean, Tucson City Atty. by R. William Call, Tucson, for defendants/appellants.

## OPINION

FERNANDEZ, Judge.

We are asked to review a City of Tucson ordinance dealing with outdoor signs and to determine whether or not appellee's sign violates that ordinance. We agree with the trial court's finding that it does not.

Appellee Clayton K. Miller III owns and operates a restaurant on Grant Road in Tucson. He advertises his restaurant by means of an A–frame sign in the parking lot of the shopping center in which his business is located. The 4' x 8' sign has been installed since at least 1975, prior to the date of the enactment of the present sign ordinance. The sign is permanently affixed to the ground and has never created any safety hazard.

In November 1984 appellee was cited for having a sign that violated the sign code of the Tucson City Code, § 3–67, which states as follows:

> No person shall erect, alter, or relocate any sign of the type specified in this article.

> .    .    .    .    .

> (10) *Portable sign:* An A–frame and portable signs [sic] of any nature.

After an administrative hearing, the hearing officer upheld the citation, finding that the sign was prohibited by the ordinance and that the ordinance should be read in the disjunctive in light of other provisions of the Tucson City Code. The superior court reversed the hearing officer's decision, finding that the word "and" should be read in the conjunctive.

Both parties agree that no evidence was presented from which a finding could be made that the sign is portable. The city contends that the sign ordinance should be read in the disjunctive since the Tucson Code also contains the following provision:

> The following definitions and rules of construction shall be applied in constructing [sic] the provisions of this Code.

> *Sec. 1–2(1). And, or.* "And" may be read "or" and "or" may be read "and" if the sense requires it.

One of the basic rules of statutory construction is that words and phrases in statutes are to be given their ordinary meaning. *State v. Salzman,* 139 Ariz. 521, 679 P.2d 544 (App.1984). We "will interpret [a] statute in such a way as to give it a fair and sensible meaning." *City of Phoenix v. Superior Court, County of Maricopa,* 139 Ariz. 175, 178, 677 P.2d 1283, 1286 (1984). Unless impossible or absurd consequences will result, when a statute contains clear and unambiguous language, it will be given that meaning. *DeMontiney v. Desert Manor Convalescent Center, Inc.,* 144 Ariz. 21, 695 P.2d 270 (App.1984), *approved in part and vacated in part,* 144 Ariz. 6, 695 P.2d 255 (1985). This court has also ruled that it is proper to consider the title of a statute in attempting to interpret the enacting body's intent. *State v. Shepler,* 141 Ariz. 43, 684 P.2d 924 (App.1984).

The obvious and natural meaning of the word "and" in § 3–67(10) of the Tucson City Code is "and." Therefore, in order for the sign in this case to be prohibited under that section, it must be both A–frame *and* portable. This interpretation is also indicated by the title of subsection 10, which is "[p]ortable sign." We also note that § 3–67 includes an illustration under subsection 10 which depicts a sign that is portable.

We find no merit to the city's contention that an A–frame design is not aesthetically pleasing so that an A–frame sign could be prohibited on that basis alone. That argument was made to the trial court and was properly rejected, since

no evidence was presented to suggest that the sign is or was unaesthetic.

Affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.