952 P.2d 1188

**STATE of Arizona, Appellee,**

v.

**Leslie McDONALD, Appellant.**

No. 1 CA–CR 97–0322.

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 21, 1998.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Colleen L. French, Assistant Attorney General, Phoenix, for Appellee.

Neal M. Bassett, Phoenix, for Appellant.

OPINION

GRANT, Presiding Judge.

¶ 1 Leslie McDonald ("Defendant") appeals her conviction for Keeping a House of Prostitution, a class 5 felony. For the following reasons, we affirm the conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶ 2 The facts are undisputed. An undercover police officer made an appointment with Defendant to receive a massage. When the officer arrived at Defendant's apartment, Defendant led him to a room with a massage table and told him to take off his clothes. The officer did so, but asked for a towel, explaining that he "was shy about being naked." Defendant brought the officer a towel and left the room. When Defendant returned to the room, she checked to make

sure the officer had removed all of his clothing to ensure he was not a police officer. Defendant told the officer that police officers do not like to remove their underwear. After counting the officer's money, Defendant took off her clothing except for white lace-topped thigh-high stockings. She then began the massage.

¶ 3 During the massage, Defendant told the officer that the money he paid included some sexual activity and that other sexual services were available for an additional amount. The officer then gave a signal, and other officers arrived at the apartment to arrest Defendant. Subsequently, Defendant was convicted at a bench trial for violation of Arizona Revised Statutes Annotated ("A.R.S.") section 13–3208(B) (1989), Keeping a House of Prostitution. Defendant timely appealed. We have jurisdiction pursuant to A.R.S. section 12–2101(B) (1994).

### ISSUES

I. Does A.R.S. section 13–3208(B) apply to a prostitute working alone, operating her business from her apartment?

II. Is A.R.S. section 13–3208(B) unconstitutionally vague as applied to Defendant?

### DISCUSSION

**I. A.R.S. Section 13–3208(B) Can Apply to a Prostitute Working Alone, Operating Her Business From Her Own Apartment.**

¶ 4 A.R.S. section 13–3208(B) reads as follows: "A person who knowingly operates or maintains a house of prostitution or prostitution enterprise is guilty of a class 5 felony." Defendant argues that this statute should be interpreted to apply only in situations involving two or more prostitutes and does not apply to her because she was acting alone in her own apartment.

■ ¶ 5 When engaging in statutory interpretation, we give words and phrases "their ordinary meaning unless it appears from the context of the statute or from that of the act of which the statute is a part that a different meaning is intended." *State v. Takacs,* 169 Ariz. 392, 397, 819 P.2d 978, 983 (App.1991) (citation omitted). We therefore look to the definitions in A.R.S. section 13–3211 (1989) (Definitions regarding prostitution).

■ ¶ 6 For purposes of this statute, the phrase "operate and maintain" is defined as "to organize, design, perpetuate or control." The phrase "includes providing financial support by paying utilities, rent, maintenance costs or advertising costs, supervising activities or work schedules, and directing or furthering the aims of the enterprise." A.R.S. § 13–3211(3) (1989). Defendant claims that terms such as "providing financial support," "supervising activities or work schedules," and "directing or furthering the aims of the enterprise" indicate that the legislature intended this statute to apply only in those situations involving more than one prostitute. While those activities help to define "operate and maintain," they are not necessary in all cases. A.R.S. section 13–3208(B) merely requires that a person operate *or* maintain a house of prostitution; a finding that Defendant performed every activity listed in A.R.S. section 13–3211(3) is not required. Defendant indisputably paid rent on the apartment, purchased advertising in certain publications, and scheduled her own appointments. Defendant therefore has met the statutory definition of either operating or maintaining a house of prostitution.

■ ¶ 7 A "house of prostitution" is "any building, structure or place used for the purpose of prostitution or lewdness or where acts of prostitution occur." A.R.S. § 13–3211(2) (1989). Defendant argues that a "house of prostitution" implicitly requires a house in which two or more prostitutes work.[1] We disagree. A.R.S. section 13–3208(B) does not explicitly exclude prosti-

---

1. Defense counsel also argues that interpreting the statute to require only one prostitute would result in too broad an application of the statute, because the cars of men who pick up prostitutes could be viewed as "houses of prostitution." Defense counsel bases this argument on the premise that the term "structure" may be defined to include a car. Defense counsel cites no direct authority for this. However, in his reply brief, he cites A.R.S. section 13–1701(4) (1989). We note that Chapter 17 deals with arson, and its definitions are inapplicable to this case.

tutes who operate and maintain their businesses from their own homes. The legislature clearly could have excluded prostitutes working alone, as other legislatures have.

¶ 8 The Texas Legislature, for example, has amended its statute governing the crime of aggravated promotion of prostitution. A person commits this offense if he or she "knowingly owns, invests in, finances, controls, supervises, or manages a prostitution enterprise that uses *two or more prostitutes.*" Tex. Penal Code Ann. § 43.04(a) (1994) (emphasis added). Alabama has a similar statute. There, a defendant "commits the crime of promoting prostitution in the second degree if he knowingly: (1) Advances or profits from prostitution by managing, supervising, controlling or owning ... a house of prostitution ... involving prostitution activity by *two or more prostitutes* other than the defendant." Ala.Code § 13A–12–112(a) (1994) (emphasis added). Absent similarly clear language, we will not infer such an intent by our legislature, and thus, we do not similarly limit the applicability of our statute.

¶ 9 Other states have held that one prostitute is sufficient to render a location a house of prostitution. *See People v. Martin,* 228 Cal.App.2d 677, 680, 39 Cal.Rptr. 669 (1964) (holding that a house of prostitution may be the prostitute's apartment). We hold that A.R.S. section 13–3208(B) can apply to a situation in which the house of prostitution contains only one prostitute, who both works and manages it.

**II. A.R.S. Section 13–3208(B) is Not Void For Vagueness.**

¶ 10 Defendant claims A.R.S. section 13–3208(B) is unconstitutionally vague because the term "operate and maintain," as defined in A.R.S. section 13–3211(3), reinforces Defendant's view that a house of prostitution must be comprised of more than one prostitute. We disagree.

¶ 11 This court has a duty to construe a statute so that it will be constitutional if possible. *State v. Lycett,* 133 Ariz. 185, 190, 650 P.2d 487, 492 (App.1982). There is a strong presumption supporting the constitu-

tionality of any legislative enactment. *State v. Tocco,* 156 Ariz. 116, 119, 750 P.2d 874, 877 (1988). A challenging party has the burden of overcoming this strong presumption of constitutionality. *Id.,* 750 P.2d 874

¶ 12 Furthermore, a defendant may not challenge a statute for vagueness when the statute clearly applies to the defendant's own conduct. *Id.* (quoting *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974)). Here, A.R.S. section 13–3208(B) clearly proscribes Defendant's conduct. The evidence of Defendant's criminal conduct was overwhelming.

**CONCLUSION**

¶ 13 For the reasons stated above, we affirm the conviction and sentence.

WEISBERG and McGREGOR, JJ., concur.