32 P.3d 430

**STATE of Arizona, Appellee,**

v.

**Sherwin SEYRAFI, Appellant.**

**No. 1 CA–CR 00–0828.**

Court of Appeals of Arizona, Division 1, Department D.

Oct. 16, 2001.

David A. Pennartz, Scottsdale City Attorney, by John L. Belatti, Assistant City Prosecutor, Scottsdale, Attorneys for Appellee.

Richard D. Coffinger, Glendale, Attorney for Appellant.

## OPINION

PATTERSON, Judge.

¶ 1 Defendant Sherwin Seyrafi appeals his convictions and sentences for nine misdemeanor violations of various property maintenance provisions in Chapter 18 of the Scottsdale Revised Code ("S.R.C.").[1]

¶ 2 After a bench trial, the Scottsdale City Court judge fined defendant $2100, placed him on three years unsupervised probation, and required, as a condition of probation, that defendant keep his properties in compliance with all state, county, and city laws.

---

1. The city court judge found that defendant had failed to keep two properties he owned "free of litter, garbage and debris." The judge also found that there were dead trees and other kinds of dying vegetation on the properties, along with several abandoned vehicles, a shopping cart, and an abandoned washing machine. Additionally, there was also "significant deterioration" to the shingles on a roof. *See* S.R.C. §§ 18–4(f), 18–5, 18–6(a)(1), 18–8(b), (c).

¶ 3 On appeal to the Maricopa County Superior Court, defendant argued, among other things, that S.R.C. § 18–11 is unconstitutional because it contains a "mandatory presumption" that shifts the burden of proof from the state to the defense.[2]  Prior to affirming defendant's convictions,[3] the superior court judge specifically rejected this argument:

The Court finds that Scottsdale Revised Code Section 18–11 does not create an improper mandatory presumption.  Here, the presumption is permissive rather than mandated and does not relieve the state of proving an essential element of the crime charged.

¶ 4 Our review on appeal from a municipal court conviction is limited to an examination of the facial validity of the statute in question.  *State v. Alawy,* 198 Ariz. 363, 364, ¶ 3, 9 P.3d 1102, 1103 (App.2000); A.R.S. § 22–375.  Additionally, our review "does not include an examination of whether those provisions were constitutionally applied in [defendant's] case."  *State v. Trachtman,* 190 Ariz. 331, 332–33, 947 P.2d 905, 906–07 (App.1997)(emphasis added); *see also State v. McLamb,* 188 Ariz. 1, 4, 932 P.2d 266, 269 (App.1996).[4]

¶ 5 Section 18–11 of the Scottsdale Revised Code, in pertinent part, reads:

**Violations**

(a) It shall be unlawful for any owner, lessor, lessee, manager, agent, or other person having lawful control over a building, structure, or parcel of land to cause, allow, permit, facilitate, or aid or abet any violation of any provision of this chapter or fail to perform any act or duty required by this chapter.

(b) The ***owner of record, as recorded in the county recorder's office, of the property upon which the violation of this chapter exists shall be presumed to be a person having lawful control over a structure or parcel of land.***  If more than one (1) person shall be recorded as the owner of the property, such persons shall be jointly and severally presumed to be persons having lawful control over a structure or parcel of land.  This presumption shall not prevent the enforcement of the provisions of this chapter against any person specified in subsection (a) of this section.

(Emphasis added.)

¶ 6 Defendant contends that the emphasized language constitutes a mandatory, and therefore unconstitutional, presumption.[5]  We agree.

---

2.  Given our opinion, we do not consider defendant's other arguments.

3.  Although tape recordings of the city court trial were made, they turned out to be inaudible.  The parties agreed to submit the matter to the superior court for a trial *de novo* based on legal memoranda and the exhibits that had been admitted in city court.  While the superior court upheld defendant's convictions on all counts, it modified the sentence to ten days in jail.  *See* Arizona Revised Statute ("A.R.S.") § 22–374(B)(1).  The ten-day term was concurrent with sentences in two other matters.

4.  Citing to *State v. Martin,* 174 Ariz. 118, 847 P.2d 619 (App.1992), the dissent asserts that we are to view an ordinance "with a presumption of constitutional validity."  This is accurate.  But, the dissent then attempts to give additional interpretations to the language of *Martin* that are dicta and unrelated to this matter.  Specifically, *Martin* holds that our review is limited "solely to the facial validity of a challenged statute."  *Id.* (citations omitted).

When determining the facial validity, we must look at the statute's language on its face and determine its validity.  If we find that there is no set of circumstances under which the statute can be found constitutional, then it must be found unconstitutional, and our review is at an end.  Our review does not extend to the application of a statute to defendant.  *Id.* (citations omitted).  The dissent, however, appears to be based, at least in part, upon just such an individual application.

5.  When faced with a challenge to the facial validity of a statute, we first must consider whether the party has standing to raise the constitutional claim.  *See Trachtman,* 190 Ariz. at 333–34, 947 P.2d at 907–08.  Here, the state introduced in evidence documents from the county recorder's office showing that Iranco Development Corporation ("Iranco") was the owner of the properties in question.  The city court judge specifically found that Seyrafi was the sole shareholder of Iranco and that the corporation was, in fact, his alter ego.  The same exhibits were part of the superior court trial *de novo.*  Hence, defendant has standing to argue that S.R.C. § 18–11 contains a mandatory presumption.

¶ 7 The state always bears the burden of proving every element of a criminal offense; this burden never shifts. *See State v. Klausner,* 194 Ariz. 169, 171, ¶¶ 9–11, 978 P.2d 654, 656 (App.1998). Conclusive or irrebuttable presumptions unconstitutionally relieve the state of its burden of proof. *Norton v. Superior Court,* 171 Ariz. 155, 158, 829 P.2d 345, 348 (App.1992).

¶ 8 A statute that shifts the burden of persuasion on an element of the offense to a criminal defendant violates due process. *Id.; Sandstrom v. Montana,* 442 U.S. 510, 523–24, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)(jury instruction stating "the law presumes that a person intends the ordinary consequences of his voluntary acts" held to violate due process); *Francis v. Franklin,* 471 U.S. 307, 313–14, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985)(instruction that "acts of a person of sound mind and discretion are presumed to be the product of the person's will" held unconstitutional).

¶ 9 In comparison, permissive presumptions that the trier of fact may freely disregard are constitutional, if reasonable, because they do not shift the burden of proof or the burden of persuasion. *Id.* This is so because a permissive presumption is nothing more than an inference. It allows the trier of fact to infer the presumed fact from proof of the basic facts, but places no burden of any kind on the defendant. *State v. Spoon,* 137 Ariz. 105, 109, 669 P.2d 83, 87 (App.1983)(instruction stating, "You *may* determine the defendant intended to do the act if he did it voluntarily" held constitutional because the use of the word "may" was permissive). In *Klausner,* we held that a presumption in our DUI laws stating that a driver with a blood alcohol level above .10 percent *may be presumed* to have been driving under the influence was permissive and, therefore, did not shift the burden of proof to the defendant. 194 Ariz. at 170–71, 978 P.2d at 655–56.

¶ 10 Between the two poles of mandatory irrebuttable presumptions and permissive inferences lie mandatory rebuttable presumptions. These also violate due process if they relieve the state of the burden of persuasion on an element of the offense. *Id.; see Francis,* 471 U.S. at 314, 105 S.Ct. 1965; *State v. Mohr,* 150 Ariz. 564, 567–69, 724 P.2d 1233, 1236–38 (App.1986).

¶ 11 We apply practical, common sense constructions rather than hypertechnical ones that would tend to frustrate legislative intent when we interpret criminal statutes. *State v. Cornish,* 192 Ariz. 533, 537, 968 P.2d 606, 610 (1998). If a statute's language is clear and unambiguous, courts must give effect to that language and need not employ the rules of statutory construction. *State v. Riggs,* 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997).

¶ 12 The pertinent language in S.R.C. § 18–11(b) is mandatory because the ordinance's provision leaves no room for rebuttals or inferences in favor of the owner's innocence. It relieves the prosecution of the burden of proving an element of the offense, i.e., that the owner of record is also the person in control of the property and therefore liable for the violations: "The owner of record ... *shall be presumed* to be a person having lawful control...." We now address the state's proposed construction of the word "shall."

¶ 13 We determine a legislature's intent by reading the statute as a whole and by considering its context, subject matter, historical background, consequences and effects. *State v. Garcia,* 189 Ariz. 510, 513, 943 P.2d 870, 873 (App.1997). Such statutory provisions are to be construed in context with related provisions and in light of their place in the statutory scheme. *State v. Wilhite,* 160 Ariz. 228, 230, 772 P.2d 582, 584 (App. 1989).

¶ 14 The word "shall" normally indicates a mandatory provision while "may" generally indicates a permissive one. *Walter v. Wilkinson,* 198 Ariz. 431, 432, ¶ 7, 10 P.3d 1218, 1219 (App.2000). The state contends that we should construe "shall" in S.R.C. § 18–11(b) as permissive, and some civil cases have so held. *See Arizona Downs v. Ariz. Horsemen's Foundation,* 130 Ariz. 550, 554–55, 637 P.2d 1053, 1057–58 (1981). However, the clear and unambiguous language used to define terms in S.R.C. § 1–5 does not

permit the state's interpretation. Section 1–5 requires:

The word "may" shall be construed as being permissive.

. . . .

The word "shall" **shall be construed as being mandatory.**

Thus, the language of S.R.C. § 18–11(b) as defined in the ordinance itself is clear and unambiguous and creates a mandatory presumption that the owner of record is a person having lawful control of the property.

¶ 15 The state also makes the following argument:

Even assuming, *arguendo*, that the presumption is mandatory, the Court must next decide whether it goes to an essential element of the crime charged. Here, it does not. An owner is responsible for violations of Chapter 18 whether or not he has lawful control over the property. Being in "lawful control" of property and being an "owner of record" are alternative means of proving the same element. Clearly, the term "lawful control" does not qualify all of the other responsible parties under the ordinance (lessor, lessee, manager, agent), because such an interpretation would lead to an absurd result making these other parties irrelevant.

¶ 16 The state contends that the presumption in S.R.C. § 18–11(b) does not refer to an element of the crimes charged, but then contradictorily states that being in lawful control and being the owner of record "are alternative means of proving the same element." Thus, the state seems to concede that this presumption concerns an element of the offense.

¶ 17 Here, the state and the dissent are essentially asking us to find that *any* of the parties listed in S.R.C. § 18–11(a), i.e., managers or agents, can be criminally liable for the condition of a property *without* the state having to prove that the party had "lawful control" of that property. Such a construction would impose strict criminal liability upon any listed person, which would be unacceptable. *See Maricopa County Juv. Action,* 143 Ariz. 178, 186, 692 P.2d 1027, 1035 (App. 1984) ("The evil to be avoided by overbroad statutes is that the net may be so large that it snares the innocent as well as the guilty.").

¶ 18 We presume an ordinance to be valid unless it clearly appears otherwise. *State v. Crisp,* 175 Ariz. 281, 283, 855 P.2d 795, 797 (App.1993). In fact, we have a duty to construe a statute so that it will be constitutional, if possible. *State v. Preston,* 197 Ariz. 461, 464, ¶ 4, 4 P.3d 1004, 1007 (App. 2000) (superseded by statute on other grounds) *State v. Farley,* 199 Ariz. 542, 19 P.3d 1258 (App.2001).

¶ 19 However, S.R.C. § 18–11(b) creates a mandatory evidentiary presumption that impermissibly removes the burden of proof from the state and violates due process. *See Preston,* 197 Ariz. at 464, 4 P.3d at 1007. The dissent asserts that there are other interpretations of this ordinance that would render it constitutional. But § 18–11(b) cannot be interpreted to be constitutional. Under S.R.C. § 18–4(f) a party must be in control of the property. When read with the mandatory presumption created by S.R.C. § 18–11(b), which does not disappear under any circumstances, it is clear that no set of circumstances exist that would render this ordinance constitutional.[6] Thus, S.R.C. § 18–11(b) creates an irrebuttable mandatory presumption and is facially invalid and unconstitutional.

¶ 20 The ordinances under which Seyrafi was cited clearly require that the responsible party be the "person in control" of the property, and S.R.C. § 18–4(f) provides that: "The owner or person in control of any private property shall at all times maintain the premises free of litter, garbage or debris . . . ." The dissent confuses the issue by positing that each subsection of 18–11 sets forth a separate element of the offense. But § 18–11 does not even describe the illegal

---

6. The dissent incorrectly emphasizes and as a consequence deconstructs the proper meaning and interpretation of "lawful control" when it limits that modifying phrase to "other persons." Nowhere in a comprehensive careful reading of that whole provision, § 18–11(b), and, indeed, chapter 18 is the definition segmented and parsed out as the dissent suggests. *See* § 36. The provision covers the list of persons delineated.

conduct; it merely defines *who* may violate the ordinance by such conduct. Nothing the dissent says avoids the inescapable conclusion that, because of the presumption required by § 18–11(b), the owner must be presumed to be "in lawful control."

## CONCLUSION

¶ 21 For the reasons stated above, defendant's convictions and sentences are reversed and the matter remanded to the Scottsdale City Court for further proceedings consistent with this opinion.

CONCURRING: SHELDON H. WEISBERG, Judge.

DANIEL A. BARKER, Judge.

¶ 22 The sole question we have on review is the facial validity of a city ordinance. As the majority notes, we are required to construe the ordinance in a constitutional manner, if possible. *State v. Preston,* 197 Ariz. 461, 464, ¶ 4, 4 P.3d 1004, 1007 (App.2000), superseded by statute on other grounds as stated in *State v. Farley,* 199 Ariz. 542, 19 P.3d 1258 (App.2001); *State v. McDonald,* 191 Ariz. 118, 120, ¶ 11, 952 P.2d 1188, 1190 (App.1998).

¶ 23 The defense argues, and the majority finds, that there is a mandatory presumption on an essential element of the offense. I agree there is a mandatory presumption. Where the majority and I part company is on the issue of whether the mandatory presumption necessarily applies to an element of the offenses at issue. This distinction is critical.

¶ 24 What makes a mandatory presumption unconstitutional is that it shifts the burden of proof (or persuasion) on an *element* of an offense. *E.g., Sandstrom v. Montana,* 442 U.S. 510, 523–24, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Francis v. Franklin,* 471 U.S. 307, 313–14, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Norton v. Superior Court,* 171 Ariz. 155, 158, 829 P.2d 345, 348 (App.1992). Neither legislatures nor city councils can "establish *an essential element* of the crime and then place the burden of *disproving that defined element* on the accused." *Cacavas v. Bowen,* 168 Ariz. 114, 116, 811 P.2d 366, 368

(App.1991)(emphasis added). This ordinance need not be construed to bring about that result. *See Hayes v. Continental Ins. Co.,* 178 Ariz. 264, 272, 872 P.2d 668, 676 (1994) ("[I]f possible, this court construes statutes to avoid rendering them unconstitutional."). The presumption need not be applied to an element of an offense, nor need it be applied at all.

¶ 25 Thus, this ordinance—in a case of facial validity only—must be construed to be constitutional.

### *Standards for Determining Facial Validity*

¶ 26 We are to view an ordinance "with a presumption of constitutional validity." *State v. Martin,* 174 Ariz. 118, 124, 847 P.2d 619, 625 (App.1992) (lower court appeal involving DUI statutes); *State v. Crisp,* 175 Ariz. 281, 283, 855 P.2d 795, 797 (App.1993). The party contending that a statute is unconstitutional has the burden of overcoming that presumption. *Martin,* 174 Ariz. at 119, 847 P.2d at 625. In fact, unconstitutionality must be shown beyond a reasonable doubt:

> It is a cardinal rule of statutory construction that every intendment is in favor of the constitutionality of legislation, and unless its invalidity is established beyond a reasonable doubt it will be declared constitutional.

*Roberts v. Spray,* 71 Ariz. 60, 69, 223 P.2d 808, 813–14 (1950) (citations omitted); *Black & White Taxicab Co. v. Standard Oil Co.,* 25 Ariz. 381, 218 P. 139 (1923); *Green v. Frazier,* 253 U.S. 233, 40 S.Ct. 499, 64 L.Ed. 878 (1920).

¶ 27 As part of the presumption of constitutionality, we are to reject unconstitutional interpretations where other interpretations are available:

> [T]he fact that one among alternative constructions would involve serious constitutional difficulties is reason to reject that interpretation in favor of another.

2B NORMAN SINGER, STATUTES AND STATUTORY CONSTRUCTION § 45.11 (5th ed.); *see also United States v. Clark,* 445 U.S. 23, 27, 100 S.Ct. 895, 63 L.Ed.2d 171 (1980)("It is well settled that this Court will not pass on the

constitutionality of an Act of Congress if a construction of the statute is fairly possible by which the question may be avoided."); *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 575, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988) ("[W]here an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress.").

¶ 28 Other United States Supreme Court cases, while not binding on an issue of state court construction, are informative. For instance, in *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), the Court found that there must be "no set of circumstances" under which a statute could be constitutional for it to be declared unconstitutional on its face. The Court stated:

> A *facial challenge* to a legislative act is, of course, the most difficult challenge to mount successfully, since *the challenger must establish that no set of circumstances exists* under which the Act would be valid.

*Id.* (emphasis added); *Reno v. Flores*, 507 U.S. 292, 301, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993)(same).

¶ 29 Thus, a fair statement of the standard for facial validity of an ordinance is that the presumption of constitutionality afforded to the other branches of government requires that we do not hold an ordinance unconstitutional if there is any reasonable construction that is constitutional. Further, the burden is on the challenger to show that there is no such reasonable construction of the ordinance.

### A Reasonable Constitutional Construction

¶ 30 As discussed below, the defendant here cannot overcome his burden of showing there are no reasonable interpretations of this ordinance that are constitutional. There

is a reasonable construction of this ordinance that is quite constitutional.

### 1. The presumption need not apply to an element of an offense.

¶ 31 All parties agree that the presumption we are dealing with goes solely to the issue of "lawful control." S.R.C. 18–11(b) Thus, if "lawful control" is not an element of the offense, there is no constitutional defect. *E.g., Sandstrom v. Montana*, 442 U.S. at 523–24, 99 S.Ct. 2450; *Cacavas v. Bowen*, 168 Ariz. at 116, 811 P.2d at 368. The state makes this argument and the majority rejects it. I agree with the state.

### (a) The language of the ordinance.

¶ 32 The ordinance provides:

> (a) It shall be unlawful for any owner, lessor, lessee, manager, agent, or other person having lawful control over a building, structure, or parcel of land to cause, allow, permit, facilitate, or aid or abet any violation of any provision of this chapter or fail to perform any act or duty required by this chapter.
>
> (b) The owner of record, as recorded in the county recorder's office, of the property upon which the violation of this chapter exists shall be presumed to be a person having lawful control over a structure or parcel of land. If more than one (1) person shall be recorded as the owner of the property, such persons shall be jointly and severally presumed to be persons having lawful control over a structure or parcel of land. This presumption shall not prevent the enforcement of the provisions of this chapter against any person specified in subsection (a) of this section.

S.R.C. § 18–11(a)(b). The elements of the offenses at issue are clearly contained in subsection (a).[7] The presumption is in subsection (b).

### (b) The parties' interpretations.

¶ 33 The state interprets § 18–11(a) to provide two elements while the defense argues

---

7. The majority reasons that elements of the offenses are not contained in subsection (a) at all. *Majority Opinion* at ¶ 20. It states that subsection (a) merely determines who may violate the underlying ordinances. Under this view, the underlying ordinances would need to have a requirement of "lawful control." As shown below, they do not.

that there are three. Under the state's version the two elements that must be proved are:

1. Any owner, lessor, lessee, manager, agent or other person having lawful control who

2. causes, allows, permits, facilitates, or aids or abets a violation,

is guilty of the offense.

The defense argument has three elements:

1. Any owner, lessor, lessee, manager, agent or other person

2. having lawful control who

3. causes, allows, permits, facilitates, or aids or abets a violation,

is guilty of the offense.

¶ 34 Under the defendant's version, "lawful control" is a necessary element for all potential parties identified in subsection (a). Under the state's version, "lawful control" is only a necessary element for "other persons." It is not a necessary element for the other listed individuals, i.e., owner, manager, etc.

¶ 35 Quite frankly, the ordinance is susceptible to both the state's interpretation as well as the defendant's. The ordinance is unclear. What is clear, however, is that under the state's reading the mandatory presumption does not come into play. The presumption does not necessarily apply to an element of the offense. As such, the ordinance is not unconstitutional. *E.g., Sandstrom,* 442 U.S. at 523–24, 99 S.Ct. 2450; *Norton,* 171 Ariz. at 158, 829 P.2d at 348.

¶ 36 The majority misconstrues the state's argument. It indicates that the state seems to concede that "lawful control" is an element because the state argues that "lawful control" is an alternate means of proving the first element. *Majority Opinion* at ¶ 16. The state makes no such concession. As addressed above at ¶ 33 of this dissent, the state may prove *either* "lawful control" *or* the status of owner to establish the first element in this case. S.R.C. § 18–11(a). The state's argument is consistent.

¶ 37 This is a case of facial validity only. As discussed at length above, in cases of facial validity where there are two possible constructions, and one is constitutional, we are required to find the ordinance constitutional. *E.g., United States v. Clark,* 445 U.S. at 27, 100 S.Ct. 895; *State v. Preston,* 197 Ariz. at 464, ¶ 4, 4 P.3d at 1007 (App.2000). Thus, because there is a reasonable, constitutional construction, we must find this ordinance constitutional.

### (c) The underlying ordinances.

¶ 38 Subsection (a) requires, under either the state's or the defense's interpretation, that there be a "violation of any provision of this chapter." S.R.C. 18–11(a). This is part of element two under the state's interpretation and element three under the defense's interpretation. This is where the majority also turns to establish "lawful control" as an element. *Majority Opinion* at ¶¶ 19, 20. The majority reasons that the *underlying offenses* to which § 18–11(a) applies require a showing of "lawful control." *Id.* This reasoning does not withstand scrutiny.

¶ 39 Defendant was found guilty based on violations of S.R.C. §§ 18–4(f), 18–5, 18–6(a)(1) and 18–8(b) & (c).[8] Thus, for the reasoning of the majority to be consistent, each of those ordinances must require "lawful control" as an element of the offense. This is not the case. In fact, as the following analysis of each underlying ordinance demonstrates, none of them require "lawful control."

¶ 40 First, the majority reasons that "lawful control" is required based on the *disjunctive* language in § 18–4(f). *Majority Opinion* at ¶¶ 19, 20. Section 18–4(f) provides that "[t]he owner *or* person in control of any private property shall at all times maintain the premises free of litter, garbage or debris...." S.R.C. § 18–4(f)(emphasis added). The majority, in so reasoning, does not give "or" its typical disjunctive meaning. *Rutledge v. Arizona Bd. of Regents,* 147 Ariz. 534, 556–57, 711 P.2d 1207, 1229–30 (App. 1985)("The word 'or' is defined as '[a] dis-

---

8. The majority opinion refers to the city court proceedings being affirmed. The city court proceedings are essentially a nullity at this point. There was a trial de novo in the Superior Court due to the inability of the Scottsdale Municipal Court to provide a record.

junctive particle used to express an *alternative* or *to give a choice* of one among two or more things.' ") (quoting Black's Law Dictionary 1246 (rev. 4th ed.1968)). To read "or" as not requiring a disjunctive meaning is permissible. *E.g., State v. Pinto,* 179 Ariz. 593, 595–97, 880 P.2d 1139, 1141–43 (App. 1994). However, "we will usually read 'or' to mean what it says [disjunctive], and we will give it that meaning unless impossible or absurd consequences will result." *Id.* at 595, 880 P.2d at 1141; *see also Miller v. City of Tucson,* 153 Ariz. 380, 381, 736 P.2d 1192, 1193 (App.1987).

¶ 41 Here, there is nothing "absurd or impossible" about reading "or" in the disjunctive. A violator can be the "owner *or* person in control." S.R.C. § 18–4(f). In this ordinance "or" should clearly be read in the disjunctive.

¶ 42 Additionally, the requirement to look for constitutional interpretations rather than unconstitutional ones, *e.g., Preston,* 197 Ariz. at 464, ¶ 4, 4 P.3d at 1007, clearly requires us to give "or" its typical disjunctive meaning. Thus, 18–4(f) does not provide that "lawful control" must be proved. It is specifically phrased in the disjunctive: "owner *or* person in control."

¶ 43 The second underlying ordinance applicable here is S.R.C. § 18–5. That section reads in full as follows:

All abandoned or junk vehicles, being repaired or restored, shall be stored in an enclosed area by the *owner or occupant* of the property upon which such vehicle is located in such a manner as to not be visible from any point lying without the property upon which the abandoned or junk vehicle is stored or parked. No cover shall be placed over any vehicle which is visible from any point lying without the property so as to conceal its plates or tags.

S.R.C. § 18–5 (emphasis added). This ordinance refers to "owner or occupant." It makes no mention whatsoever of a requirement that there be "lawful control." "Lawful control" is clearly not required under § 18–5.

¶ 44 The third underlying ordinance at issue is S.R.C. § 18–6(a)(1). That ordinance simply provides (in full) that "[a]ll exposed exterior surfaces shall be maintained so as to be free of deterioration or blight." *Id.* Again, there is no requirement for "lawful control."

¶ 45 The fourth underlying ordinance is S.R.C. § 18–8(b) and (c). That ordinance likewise does not require "lawful control." It provides: "All land shall be kept free of attractive nuisances" and "All land shall be kept free of poison oak, poison ivy, any noxious or toxic weeds, uncultivated or overgrown plants; any dry or dead vegetation or grass greater than twelve (12) inches in height." *Id.*

¶ 46 To find that "lawful control" is required by the underlying ordinances is simply not supported by the plain reading of those ordinances. To imply or judicially provide the requirement of "lawful control" is not appropriate. This is particularly true when the implied or judicially provided language has the effect of making the ordinance unconstitutional. Such interpretation cuts directly against our duty to apply the presumption of constitutionality, *e.g., Crisp,* 175 Ariz. at 283, 855 P.2d at 797, and to construe an ordinance in a constitutional manner, if possible. *E.g., Clark,* 445 U.S. at 27, 100 S.Ct. 895.

### (d) Strict Liability.

¶ 47 The majority also posits that to construe § 18–11(a) as the state suggests would result in strict criminal liability. *Majority Opinion* at ¶ 17. They reason that such a result would be unacceptable as being overbroad. *Id.*

¶ 48 In the first place, simply because an ordinance imposes strict criminal liability does not make it unconstitutional per se. *State v. Young,* 192 Ariz. 303, 311, 965 P.2d 37, 45 (1998). (Although "statutorily created criminal offenses with no mental element 'have a generally disfavored status,' ... strict liability may be appropriate to certain types of offenses in which the 'penalties commonly are relatively small, and conviction does no grave damage to an offender's reputation.' ") (quoting *Morissette v. United States,* 342 U.S. 246, 256, 72 S.Ct. 240, 96 L.Ed. 288 (1952) and *Liparota v. United States,* 471 U.S. 419, 426, 105 S.Ct. 2084, 85

L.Ed.2d 434 (1985)). The City of Scottsdale may well be within its prerogative to impose strict criminal liability for these misdemeanor property violations. This, however, is not an issue that we need to decide.

¶ 49 By its terms, § 18–11(a) does not impose strict criminal liability. That ordinance makes it "unlawful for any owner ... to *cause, allow, permit, facilitate, or aid or abet* any violation" of the specific code provisions. S.R.C. § 18–11(a)(emphasis added). The ordinance requires the state to prove a specific nexus between the violation and any alleged violator. Criminal liability cannot be found without that nexus. Thus, the majority's concerns about overbreadth and strict liability are not well taken.

### 2. The presumption need not apply at all.

¶ 50 Not only does the presumption here not necessarily pertain to an element of an offense, it need not be applied at all. Obviously, if a presumption need not be applied, then it does not unconstitutionally shift any burden. *See Cacavas v. Bowen*, 168 Ariz. at 116, 811 P.2d at 368.

¶ 51 The majority assumes in its reading of this statute that a prosecutor *must* invoke, and a judge *must* apply, the presumption of which defendant complains. This is not so. The express language of the ordinance provides otherwise. Subsection (b) states *"[t]his presumption shall not prevent the enforcement* of the provisions of this chapter *against any person specified in subsection (a)* of this section." S.R.C. § 18–11(b) (emphasis added). The ordinance explicitly authorizes prosecution without applying the presumption. The city council is effectively saying, "You can prosecute pursuant to subsection (a) without regard to the presumption in subsection (b)."

¶ 52 Whether the presumption was or was not applied in this case is of no consequence. As noted earlier, this is a lower court appeal. Our jurisdiction goes to facial validity only. We are *precluded* from considering how the ordinance was applied in the court below. *State v. Trachtman*, 190 Ariz. 331, 332–33, 947 P.2d 905, 906–07 (App.1997)("Our jurisdiction in this appeal from a municipal court conviction is limited solely to a review of the facial validity of those two provisions of the Carefree ordinance and does not include an examination of whether those provisions were constitutionally applied in [defendant's] case."); *State v. Martin*, 174 Ariz. at 121, 847 P.2d at 622.

¶ 53 Given this backdrop, what is of great consequence is that the ordinance does not *require* that the presumption be applied. The ordinance by its express terms indicates that one can prosecute pursuant to subsection (a) without the presumption. In a test for facial validity only, this is all that is required.

¶ 54 Furthermore, as the presumption in question need not be applied, and this court has no jurisdiction to review the record below to determine whether the presumption was in fact applied here, it is not possible to find the ordinance unconstitutional based on the presumption where facial validity is the sole issue. To do so would require us to review the *application* of the ordinance. This exceeds our jurisdiction. *State v. Trachtman*, 190 Ariz. at 332–33, 947 P.2d at 906–07.

¶ 55 The majority appears to address the express language making application of the presumption optional by simply stating that the presumption does not disappear under any circumstances. *Majority Opinion* at ¶ 19. The presumption certainly does not *disappear*, but whether it was *applied* in this particular case is outside the scope of our review.

¶ 56 Thus, in deciding facial validity only, § 18–11 cannot be found unconstitutional where the purportedly offending language is not required to be applied. The express provision in subsection (b) that allows the presumption to be disregarded is dispositive of defendant's position. The ordinance passes the test for facial validity. *E.g., Clark*, 445 U.S. at 27, 100 S.Ct. 895.

### Conclusion

¶ 57 The only issue in this case is the facial validity of a Scottsdale city ordinance. There are differing constructions that can be given to the ordinance. The weight we are to give to the presumption of constitutionali-

ty—and the respect we are to show the other branches of government—require us to adopt reasonable constitutional readings as opposed to an unconstitutional one. *Clark,* 445 U.S. at 23, 100 S.Ct. 895; *Salerno,* 481 U.S. at 739, 107 S.Ct. 2095; *McDonald,* 191 Ariz. at 120, 952 P.2d at 1190.

¶ 58 Here, although there is a mandatory presumption, it is not necessarily directed to an element of an offense and need not be applied at all. As such, in a challenge for facial validity only, the ordinance is not unconstitutional.

¶ 59 I respectfully dissent.