NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EDW. C. LEVY CO, a Michigan corporation,
*Plaintiff/Appellant*,

*v.*

MARICOPA COUNTY, a political subdivision of the State of Arizona,
*Defendant/Appellee*.

No. 1 CA-TX 14-0007

FILED 5-7-2015

Appeal from the Superior Court in Maricopa County
No. TX2012-000384
The Honorable Dean M. Fink, Judge

**VACATED AND REMANDED**

COUNSEL

The Lenihan Law Firm, PC, Tucson
By Stephen J. Lenihan
*Counsel for Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By R. Neil Miller
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

**W I N T H R O P**, Judge:

**¶1** Plaintiff/Appellant Edw. C. Levy Co. ("Taxpayer") appeals the decision of the tax court granting summary judgment in favor of the Defendant/Appellee Maricopa County determining that Taxpayer could not utilize the error correction statutes to correct an error in the classification of its real property. For the following reasons, we vacate the decision of the tax court and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

**¶2** Taxpayer is a sand and gravel company that owns a mined-out gravel pit in Maricopa County (the "property"). The parties agree that Taxpayer stopped mining the property in 2006. For tax years 2008 through 2011, the Maricopa County Assessor (the "Assessor") classified and assessed the property as commercial property. In 2011, Taxpayer filed a notice of claim, pursuant to Arizona Revised Statutes ("A.R.S.") section 42-16254 (2015)[1], asking the Assessor to correct the property's classification from class one (commercial or industrial) to class two (other) for tax years 2008 through 2011 because the property was not used for commercial purposes.[2] *See* A.R.S. §§ 42-16254(A), -16256(B) (authorizing a taxpayer to

---

[1] Absent material revisions after the relevant dates, we cite the current version of a statute unless otherwise indicated.

[2] Arizona law establishes nine classes of property and prescribes specific assessment ratios for each class. *See* A.R.S. §§ 42-12001 to -12009; 42-15001 to -15009. As relevant to this appeal, class one encompasses property devoted to commercial or industrial use. *See* A.R.S. § 42-12001(12). Class two encompasses "[a]ll other real property and improvements to property, if any, that are not included in class one, three, four, six, seven or eight," including vacant land. *See* A.R.S. § 42-12002(1)(e). Class two has a lower assessment ratio than class one and is, therefore, taxed at a lower rate. *See* A.R.S. §§ 42-15001, -15002.

file a notice of claim to correct a property tax error for the current year and three preceding years). After both the Assessor and the State Board of Equalization denied its claim, Taxpayer filed a complaint in tax court pursuant to § 42-16254(G).

**¶3**         The parties filed cross-motions for summary judgment. The tax court denied Taxpayer's motion and granted the County's motion, concluding that relief under the error correction statutes was not available because Taxpayer "should have known the error existed" in time to file an appeal during the annual appeal process. After the tax court denied its motion for new trial, Taxpayer timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**ANALYSIS**

**¶4**         We review the tax court's grant of summary judgment *de novo* to determine if there are "any genuine issues of material fact and if the trial court correctly applied the law." *Aida Renta Trust v. Maricopa Cnty.*, 221 Ariz. 603, 608, ¶ 5, 212 P.3d 941, 946 (App. 2009), as amended (July 22, 2009) (citation omitted). We view the facts in the light most favorable to Taxpayer. *See id.* Applying that standard, we must determine whether the tax court properly concluded that Taxpayer could not bring an error correction claim because it had "constructive knowledge" of the error in time to file an annual appeal. In so doing, we are mindful of the general rule that courts will liberally construe statutes imposing taxes in favor of taxpayers and against the government. *See City of Phoenix v. Borden Co.*, 84 Ariz. 250, 252–53, 326 P.2d 841, 843 (1958) (holding that statutes establishing property tax liability are "most strongly construed against the government and in favor of the taxpayer").

> I.      *Taxpayer Was Not Required to Raise the Error During the Annual Appeal Process.*

**¶5**         Under Arizona law, the Assessor is charged with annually valuing and assessing the majority of real property in the County.[3] *See*

---

[3]      Section 42-13051, which defines the Assessor's statutory duty, provides in relevant part:

> A. Not later than December 15 of each year the county assessor shall identify by diligent inquiry and examination all real property in the county that is subject to taxation

A.R.S. § 42-13051.  After the Assessor values and classifies the property, he mails a notice of value to each taxpayer before March 1 of the year preceding the tax year.  *See* A.R.S. § 42-15101(A)-(B).  After receiving the notice of value, a taxpayer has sixty days to file an administrative appeal with the Assessor challenging the valuation or classification of the property. *See* A.R.S. §§ 42-15104(1), -16051(A), (D).  Alternatively, a taxpayer may file a direct appeal to tax court on or before December 15 of the same year.  *See* A.R.S. §§ 42-15104(2), -16201(A).

**¶6**          Above and beyond a taxpayer's statutory right to appeal during the annual appeal process, a taxpayer also has a statutory right to correct a property tax error retroactively.  *See* A.R.S. §§ 42-16251 to -16259. The "error correction statutes" were enacted in 1994 to supplement the pre-existing statutes authorizing annual property tax appeals.  *See* 1994 Ariz. Sess. Laws, ch. 323, § 53 (2d Reg. Sess.).

**¶7**          Pursuant to § 42-16254, a taxpayer may initiate an error correction proceeding by filing a notice of claim.  A.R.S. § 42-16254(A) ("If a taxpayer believes that the taxpayer's property has been assessed improperly as a result of a property tax error, the taxpayer shall file a notice of claim with the appropriate tax officer . . . .").  In addition, the error correction statutes require the county assessor to correct known property tax errors.  A.R.S. § 42-16252(A) (2009) ("[I]f a county assessor or the department determines that any real or personal property has been assessed improperly as a result of a property tax error, the county assessor

---

and that is not otherwise valued by the department as provided by law.

B. The assessor shall:

. . .

2.  Determine the full cash value of all such property as of January 1 of the next year by using the manuals furnished and procedures prescribed by the department.

. . .

C.  In identifying property pursuant to this section, the assessor shall use aerial photography, applicable department of revenue records, building permits and other documentary sources and technology.

A.R.S. § 42-13051.

or department shall send the taxpayer a notice of error . . . .").[4] The legislature limited the time period over which an error can be corrected to the year in which the notice is filed and "the three immediately preceding tax years." A.R.S. § 42-16256(B).

¶8            At the time it enacted the error correction statutes, the legislature clearly stated its intended purpose:

> *The purpose of section 27 of this act is to provide a simple and expedient procedure for correcting of errors occurring in assessing or collecting property taxes, whether they inure to the benefit of the taxpayer or the government. The present statutes do not provide such a procedure* and because of conflicting court interpretations of such laws, the purpose of section 31 of this act is to provide such a mechanism and to make it work for both taxpayers and the taxing authorities. Because of budget limitations and other constraints, it is necessary to limit the scope of such legislation and to prescribe a time limit within which such claims may be asserted and after which they are forever barred.

1994 Ariz. Sess. Laws, ch. 323, § 53 (2d Reg. Sess.) (emphasis added). Our primary goal in interpreting statutes is to fulfill the legislature's purpose. *State v. McDermott*, 208 Ariz. 332, 334, ¶ 5, 93 P.3d 532, 534 (App. 2004). Particularly when the legislature "specifies its purpose in the session law that contains the statute, it is appropriate to interpret the statutory provisions in light of that enacted purpose." *Grand Canyon Trust v. Arizona Corp. Comm'n*, 210 Ariz. 30, 40, ¶ 43, 107 P.3d 356, 366 (App. 2005). Accordingly, we interpret the error correction statutes in light of their remedial purpose. *Lyons v. State Bd. of Equalization*, 209 Ariz. 497, 502, ¶ 21, 104 P.3d 867, 872 (App. 2005).

---

[4]      The legislature amended § 42-16252 in 2014 and replaced the terms "county assessor" and "department" with "tax officer." A.R.S. § 42-16252(A) (2015).

A. *Section 42-16251 Defines Error to Include Classification Errors.*

¶9 Despite a taxpayer's pre-existing statutory right to prospectively challenge the classification of property by means of an annual appeal, the legislature chose to define "error" to include errors in classification:

> "Error" means any mistake in assessing or collecting property taxes resulting from:
> . . .
> (b) An incorrect designation or description of the use or occupancy of property *or its classification* pursuant to chapter 12, article 1 of this title.

A.R.S. § 42-16251(3)(b) (emphasis added). Thereby, the legislature granted taxpayers the right to correct classification errors retroactively going back three years.

¶10 Our supreme court recently confirmed that classification errors fall within the scope of the error correction statutes:

> [W]e address the County's argument that [taxpayer] was not entitled to relief under the error correction statute. Section 42–16251(3) authorizes correction of "any mistake in assessing or collecting property taxes" when the error is caused by any circumstance listed in subsections (3)(a) through (3)(e). The County maintains that the court of appeals wrongly concluded that the statute applies to the kind of "errors" [taxpayer] alleged.
>
> Subsection (3)(b) includes "[a]n incorrect designation or description of the use or occupancy of property or its classification." The court of appeals correctly concluded that because [the property] had been wrongly categorized under Class One, [taxpayer] could avail itself of the error correction statute.

*CNL Hotels and Resorts, Inc. v. Maricopa Cnty.*, 230 Ariz. 21, 25, ¶¶ 22-23, 279 P.3d 1183, 1187 (2012) (citation omitted).

¶11         In this case, Taxpayer's complaint alleged as follows:

> The Subject Property was classified for the tax
> years involved as Class 1 (commercial property)
> by the Maricopa County Assessor. The
> property was, prior to the tax years involved, an
> active part of a gravel extraction business. Since
> 2006, the Subject Property has been mined-out
> and has not been part of a commercial activity
> since that time. Accordingly, the Subject
> Property should be classified as Class 2 (vacant
> land).

Taxpayer's claim falls squarely within the definition of "error" set forth in § 42-16251(3)(b).

> ### B.   *The Error Correction Statutes Provide Relief Beyond the Annual Appeal Process.*

¶12         The County contends that "Taxpayer may not obtain error correction relief because it knew or should have known of the alleged error in sufficient time to assert it in a tax appeal for the applicable tax year." (Emphasis and punctuation omitted). Taxpayer argues that the County's position has "the impermissible effect of merging the error-correction statutes into the annual appeal statutes and making the error-correction statutes meaningless."

¶13         In arguing that Taxpayer should have asserted the alleged error as part of the annual appeal process, the County relies on our decision in *Pima County Assessor v. Ariz. State Bd. of Equalization*, 195 Ariz. 329, 987 P.2d 815 (App. 1999). In *Pima County*, we considered whether a taxpayer could utilize the error correction statutes to raise a classification error after having previously filed an administrative appeal for the same tax year. *See id.* at 331, ¶ 1, 987 P.2d at 817. We held that an error correction claim can be adjudicated separately following the conclusion of an administrative appeal. *See id.* at 820, ¶ 19, 987 P.2d at 334. As our decision in *Pima County* reflects, the error correction statutes provide a means of correcting property tax errors that is separate and apart from the annual appeal process.

¶14 In *Pima County*, we analyzed § 42-16256(A), which provides that:

> In the case of real or personal property, the correction of errors under this article is limited to the period during which the current owner of record held title to the property, if the owner is a purchaser in good faith and *without notice of any error that could have caused proceedings to be initiated to correct the tax roll when the owner purchased the property.*

A.R.S. § 42-16256(A) (emphasis added). We concluded that implicit in that second clause of this statute, which specifically applies to new owners, "is a requirement that taxpayers not delay in seeking redress if they are aware of, or ought to be aware of, errors." *Pima County*, 195 Ariz. at 336, ¶ 25, 987 P.2d at 822. From there, we inferred the following two principles relating to the error correction statutes:

> First, if the taxpayer knew of or reasonably should have discovered an "error" within A.R.S. section 42–16251(3) in sufficient time to assert it through a tax appeal, then sections 42–16251 to –16259 cannot later provide a remedy. Second, if the "error" has escaped the taxpayer's attention despite the exercise of reasonable care to discover it in time, sections 42–16251 to –16259 can provide a remedy regardless of whether the taxpayer prosecuted a tax appeal for the tax year in question.

*Id.* at 336, ¶ 26, 987 P.2d at 822.

¶15 The present case is distinguishable from *Pima County*. First, our interpretation of § 42-16256(A) applied to new owners only, and Taxpayer here is the continued owner of the subject property. Second, unlike the taxpayers in *Pima County*, Taxpayer had not previously filed an administrative appeal. We believe the language from *Pima County* charging a taxpayer with constructive knowledge is limited and only applicable when an administrative appeal has been previously filed. This language does not apply when no such appeal has occurred, as this would frustrate the very purpose of the error correction statutes. In addition, nothing in the record establishes that Taxpayer knew or should have known of this alleged

error before 2011. To the contrary, Taxpayer's general manager avowed that: (1) tax consultants retained by Taxpayer did not detect the classification error in time for an annual appeal; and (2) Taxpayer was not aware of the error until 2011. Moreover, as the record reflects, the Assessor provided no written guidelines for the classification of mined-out gravel pits. While we affirm the general principle announced in *Pima County* that taxpayers should not delay in seeking redress if they are aware of a property tax error, we decline to extend the reach of that decision to impose on Taxpayer in this case "constructive knowledge" of an alleged classification error.[5]

¶16　　After reviewing the classification statutes and the record in this case, we respectfully disagree with the tax court's conclusion that the error was "glaringly obvious." We do not find the classification of a mined-out gravel pit to be obvious, and we decline to charge Taxpayer with constructive knowledge of proper classification. Accordingly, Taxpayer may proceed with its error correction claim in tax court.[6]

　　II.　　*A.R.S. § 42-16255(B) Does Not Preclude Taxpayer's Error Correction Claim.*

¶17　　Relying on § 42-16255(B), the County alternatively argues that "error correction relief is not appropriate when the taxpayer seeks an independent review of the overall valuation or legal classification [of its

---

[5]　　The tax court distinguished *CNL Hotels* from the present case by reasoning that "[t]he legal issue governing classification in that case was a complex one." The error correction statutes, however, are not limited to the correction of complex errors, but rather provide a remedy for the correction of any error that satisfies the statutory definition. *See* § 42-16251(3).

[6]　　In its decision, the tax court relied for guidance on our decision in *Church of Isaiah 58 Project of Ariz., Inc. v. La Paz County*, 233 Ariz. 460, 314 P.3d 806 (App. 2013), review denied (Apr. 22, 2014). That case applies a different set of statutes. There, we determined the taxpayer had waived its claim for an exemption by failing to file a timely exemption request, as required by statute. *Id.* at 463, ¶ 12, 314 P.3d at 809. In this case, Taxpayer complied with all the applicable statutes and was not statutorily required to take affirmative steps to preserve its error correction claim.

property] and could have filed an appeal." At the time Taxpayer filed its complaint, § 42-16255(B) provided that:

> *This article does not authorize an independent review of the overall valuation or legal classification of property that could have been appealed pursuant to article 2, 3, 4 or 5 of this chapter or chapter 19, article 2 of this title.* If an administrative or judicial appeal is pending regarding the subject property, the alleged error shall be adjudicated as part of the administrative or judicial appeal for the affected tax year. If a specific error of fact, not previously known, was not addressed in a prior appeal, an appeal may be brought pursuant to this section.[7]

A.R.S. § 42-16255(B) (2009).[8]

**¶18**     In 2014, the legislature amended § 42-16255(B) to omit the first sentence. *See* A.R.S. § 42-16255(B) (2015) (amended by S.B. 1352 (2d Reg. Sess. 2014)). As part of those technical amendments, the legislature added the following language to § 42-16256(D): "This article does not authorize an independent review of the overall valuation or legal classification of property *that is not the result of an error as defined in § 42-16251*." A.R.S. § 42-16256(D) (amended by S.B. 1352 (2d Reg. Sess. 2014)) (emphasis added).

**¶19**     "An amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act." *City of Mesa v. Killingsworth*, 96 Ariz. 290, 297, 394 P.2d 410, 414 (1964); *see also* Ariz. State Senate, Fact Sheet for S.B. 1352 (2d Reg. Sess. 2014) (noting that the purpose of the 2014 amendments were to make "various technical and conforming changes"). Thus, while the amended version of § 42-16256 does not apply to the case at hand, which involves tax years 2008 through 2011, the amendment clarifies the legislature's original intent and

---

[7]     The County also argues that Taxpayer's claim is prohibited by the last sentence of § 42-16255(B) because Taxpayer knew or should have known about the error in time to bring an annual appeal. For the reasons set forth above, we conclude that Taxpayer did not have such knowledge.

[8]     Prior to 2009, the statute did not include the phrase "or legal classification." A.R.S. § 42-16255(B) (2006).

persuades us that the prior version of § 42-16255(B) does not prevent an overall review of valuation or classification that results from the correction of a statutorily defined error. *See Police Pension Bd. v. Warren*, 97 Ariz. 180, 187, 398 P.2d 892, 896 (1965) ("While subsequent legislation clarifying a statute is not necessarily controlling on a court, it is strongly indicative of the legislature's original intent.").

¶20 Again, we are mindful of the legislature's stated purpose in enacting the error correction statutes "to provide a simple and expedient procedure for correcting of errors occurring in assessing or collecting property taxes." 1994 Ariz. Sess. Laws, ch. 323, § 53 (2d Reg. Sess.). To adopt the County's position that § 42-16255(B) prevents Taxpayer from filing an error correction claim to correct this classification error would undermine that legislative intent. *State v. Seyrafi*, 201 Ariz. 147, 150, ¶ 11, 32 P.3d 430, 433 (App. 2001) (holding that courts should "apply practical, common sense constructions rather than hypertechnical ones that would tend to frustrate legislative intent.").

¶21 As the County points out: "The Assessor is responsible for assessing and valuing 1.6 million parcels of property in Maricopa County each year." Given this large number of properties, errors in valuation and classification are inevitable. The purpose of the error correction statutes is to permit taxpayers and assessors the opportunity to correct errors that fall within the scope of the statutory definition. *See* § 42-16251(3). Taxpayer's alleged classification error satisfies that definition.

## CONCLUSION

**¶22** For the foregoing reasons, we vacate the decision of the tax court and remand for determination of how this property should be properly classified for tax years 2008 through 2011.[9] We award Taxpayer its attorneys' fees and costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED : ama

---

[9] Because the County has raised a material issue of fact regarding whether a portion of the property was used to support Taxpayer's commercial mining operation during the relevant time period, we decline to grant Taxpayer's motion for summary judgment.